## MRS. C. H. MAYFIELD ET AL. v. W. A. ROBINSON ET AL.

Decided January 19, 1900.

**1. Evidence of Parties—Transactions with Decedent.**

Where, in a suit for land by plaintiffs as heirs of Mrs. H., who was the devisee of H., her husband, a son of H., who was also independent executor of his estate, was made a defendant, not as executor, but as claiming some interest in the land, and upon his disclaimer was dismissed from the suit, it was competent for him to testify that the land had belonged to his father and himself as partners and that his father had conveyed to himself by a deed that was lost, and that a deed under which de-

fendant claimed, executed by himself as executor, was intended to convey his individual interest,—the witness not being such a party to the suit as comes within article 2302, Revised Statutes.

2. **Estoppel Not Applied to Witness.**

The doctrine of estoppel applies to parties, not to a mere witness, and can not be invoked to prevent a witness from testifying that a deed under which defendant claims, executed by himself, the witness, as an executor, was in fact intended to convey his individual interest.

3. **Evidence—Record of Acknowledgments.**

Where a deed was acknowledged before a county clerk, and the entry of the acknowledgment in his record of acknowledgments was duly proved by copy of such entry certified to by his successor in office, the legal custodian of such record (Revised Statutes, articles 2306, 2309, 3514), the admission of the deposition of the former clerk who took the acknowledgment, stating that he had no recollection of the matter, but that he kept the record carefully, and that it showed the entry in question, as appeared by a compared copy attached to his deposition, was harmless error.

4. **Common Source—Trespass to Try Title.**

Where a defendant in trespass to try title claims title through a certain person, and also claims by an independent title, he is not bound to such person as a common source.

5. **Charge of Court—Request for Necessary.**

Where a party desires instructions on the burden of proof and on common source of title, he should request appropriate special charge thereon.

APPEAL from Fort Bend. Tried below before Hon. WELLS THOMPSON.

*William Masterson* and *R. C. Gaines*, for appellants.

*Pearson & Wharton*, for appellees.

GILL, ASSOCIATE JUSTICE.—This was a suit in trespass to try title brought in the District Court of Fort Bend County, Texas, by Mrs. C. H. Mayfield, against W. A. Robinson, A. C. Herndon, and Florence H. and L. W. Groce, containing the usual allegations of such suit (and also seeking for partition), for an undivided one-fourth of the one-third league of land patented by the State of Texas to the heirs of Hicks Shropshire, situated in Fort Bend County, Texas, and also for $3321 (or one-fourth of $13,284, alleged to be the reasonable rental value of said land for the time of its use and occupation by the defendants.

Defendant Robinson answered by general demurrer, general denial, and plea of not guilty, and also asserted title affirmatively in himself, and prayed for judgment removing cloud cast on his title by the assertion of plaintiff's claim; further pleaded permanent and valuable improvements in good faith to the amount of $3034, and asked for judgment therefor. The defendants, A. C. Herndon and Florence H. and L. W. Groce, entered their disclaimer to any and all of the said one-third league, and judgment was rendered thereon. The cause was tried by a jury, and there was a verdict and judgment thereon for the defendant, Robinson, for the land, from which judgment plaintiffs, C. H. and J. C. Mayfield, have appealed.

The facts, briefly stated, are as follows: The one-third of a league, a part of which is in controversy, was patented to the heirs of Hicks Shropshire in 1875.

In 1839 Robert H. Wynne purchased the certificate (upon the location of which the patent issued) from the curator of the estate of Hicks Shropshire, said curator having been lawfully authorized to sell same.

Robert Wynne died intestate, and in April, 1875, his wife, Amanda J. Wynne, and his surviving children, executed to John H. Herndon a power of attorney and contract, the material parts of which are as follows: "We do make and constitute John H. Herndon our lawful attorney in fact, to hunt up, develop, and establish by suit or compromise any and all lands in Texas to which Robert H. Wynne may have been entitled in his lifetime, or we now as his heirs, and we do by these presents authorize and empower him to take possession, etc.; * * * and in consideration of the services of the said John H. Herndon in adjusting the title to the lands in said State belonging to us as the heirs of said Wynne, which he may be able to do, and the money which he may have paid in the accomplishment of his undertaking, * * * we do by these presents bargain, sell, alien, and convey unto said Herndon the undivided half of each and every certificate and tracts of land which he may have heretofor recovered or which he may hereafter recover."

In June, 1875, Amanda J. Brower, also a child of R. H. Wynne, executed to J. H. Herndon an instrument similar in all respects to the one above set out.

John H. Herndon died in 1878, leaving a will in which his son A. C. Herndon and wife Barbara M. Herndon were named as independent executors, but the will conferred no power of sale. Barbara Herndon was made sole devisee. A. C. Herndon alone qualified as executor, administered the estate out of court, and had not, at the time of the trial, been discharged from his trust. The land in question was never inventoried as a part of his estate.

Barbara M. Herndon died intestate in 1888, leaving the following children surviving her: A. C. Herndon, Mrs. Florence Groce, Mrs. C. H. Mayfield, and J. C. Herndon. The latter, before his death, conveyed to Mrs. Mayfield all his interest in the estates of J. H. Herndon and Barbara Herndon.

Since the institution of this suit Mrs. Florence Groce has conveyed to defendant Robinson all her interest in the land in question. Thus appellants are shown to be the owners of an undivided half interest in whatever portion of this land Barbara Herndon owned at her death.

It was agreed that R. H. Hanna, whose title defendant Robinson has, had conveyances to himself from every person entitled to any portion of the one-third league as heirs of R. H. Wynne. These conveyances were executed subsequent to the contracts and conveyances from the Wynne heirs to J. H. Herndon, deceased, but purported to convey the entire one-third league: Defendant Robinson has had actual possession

of the land since December 5, 1894, the date of his deed from R. H. Hanna.

A. C. Herndon on February 28, 1879, executed to G. Horton a deed to the entire half interest of J. H. Herndon's estate in the land. This deed was made by A. C. Herndon as executor of the estate of J. H. Herndon, deceased, in consideration of $300 cash and $438 evidenced by a note, and was signed by him as executor. Robinson has also whatever title passed to Horton by this deed. This deed is not relied on as a deed from the executor, there having been no power of sale conferred by the will, and no debts being shown to have existed against the estate. It was followed by the deposition of A. C. Herndon to the effect that his father, J. H. Herndon, was his partner in business, and in settlement of their partnership affairs had deeded him his interest in this one-third league. That the date of this deed was December 1, 1878. That it was executed before H. Theiss, county clerk of Kendall County, Texas, and was witnessed by Judge P. D. Saner. Saner has no recollection of the transaction. Herndon also stated that the deed was lost. That diligent search had been made for it, and it had not been found, and other parts of the record show search and failure to discover the original. He also stated that it was lost at the time he made the deed to Horton, and that it was never recorded. He stated that he knew at the time of his deed to Horton that he owned individually the interest he sought to convey. It was shown by this witness in behalf of plaintiff that his father John H. Herndon had acquired a one-half interest in the land by having located the certificate and procured patent for the Wynne heirs.

Defendant then introduced a certified copy of the entry in the notarial record of H. Theiss, former county clerk of Kendall County. This copy was certified by the present county clerk, who is the custodian of such records. The entry shows the acknowledgment of a deed by J. H. Herndon to A. C. Herndon conveying to him, among other lands, the Hicks Shropshire one-third league. A compared copy of this entry was also attached to the depositions of H. Theiss, who testified that he had no recollection of the transaction nor the deed, but he testified that he kept his notarial records correctly.

Appellants, by the first assignment of error, assail as error the admission in evidence of the deposition of A. C. Herndon to the effect that he was the owner of the land at the time he conveyed as executor of J. H. Herndon, and that he intended to convey his individual interest thereby, and in permitting him to testify as to the lost deed from his father to himself. This objection is based upon the grounds, (1) that A. C. Herndon is a party to this suit, and this being a suit between the heirs of a decedent and against an executor, he is disqualified to testify as to any transaction between himself and deceased; (2) that having executed the deed to Horton in his capacity as executor, he is estopped to deny the recitals in such deed.

The first ground of objection is not tenable for two reasons: (1) Because the witness was eliminated from the suit by his disclaimer, and was thereafter not such a party as comes within article 2302, Revised Statutes. Oury v. Saunders, 77 Texas, 278; Gilder v. Brenham, 67 Texas, 345; Markham v. Carothers, 47 Texas, 25; Eastham v. Round-tree, 56 Texas, 110. (2) This was a suit between certain heirs of Barbara Herndon on the one part and others claiming both under certain other of her heirs and independent of them, and A. C. Herndon was not sued in his capacity as executor, nor could judgment have been rendered against him as such, A. C. Herndon not having asserted title to the land as heir of J. H. Herndon nor otherwise, and not being sued as executor, and the contest not being in any feature between the heirs of J. H. Herndon, but between the heirs of his devisee, article 2302 does not apply. Wooters v. Hale, 83 Texas, 563. In Chamberlain v. Boone, 74 Texas, 660, it was held that it was competent for the grantee of a decedent to testify to the contents of the lost deed in a suit between the grantee and the heirs of the grantor.

To the second ground of objection, that he is estopped by his deed to Horton and the recitals therein, it is sufficient answer to say that A. C. Herndon was a mere witness, the aid of whose testimony was invoked in behalf of his vendees. In a contest between this witness and those claiming under his deed, he would have been estopped to deny their title or dispute the recitals in the deed. But in this case appellants do not claim under such deed, but in opposition to it. The deed was useful to them only as tending to destroy the weight of the testimony of the witness A. C. Herndon. A mere witness can not be estopped, and other parties invoking the aid of his testimony can not be deprived of it by the mere fact that the witness has made inconsistent statements, or executed instruments containing hostile recitals. Plaintiffs are not privy to the deed under which the estoppel is urged, and it is well settled that only privies to such an instrument can claim an estoppel by its recitals. Illg v. Garcia, 92 Texas, 251.

This assignment can not be sustained for the further reason that it was not objected that defendant Robinson was estopped, but that the witness Herndon was estopped. A. C. Herndon was not vouched in as warrantor, but was made a party by plaintiff on the ground that he claimed some interest. This he expressly disclaimed, and he was dismissed upon his disclaimer. None of the numerous authorities cited by appellant support his contention as applied to the facts of this case. The cases cited by appellant in support of his first ground of objection are not thought to be in conflict with the doctrine here announced. In the case of Bennett v. Land and Cattle Company, 1 Texas Civil Appeals, 321, the testimony of the proffered witness was held properly excluded because he had been made a party, and notwithstanding dismissals by two parties to the suit to enable him to testify, he had been retained by the pleadings of still another party in such a way as to

render the judgment binding upon him. The cases of Markham v. Carothers and Eastham v. Roundtree, supra, were cited and held not to be in conflict with the holding in Bennett v. Land and Cattle Company.

Appellants also assign as error the admission in evidence of the deposition of H. Theiss. This witness expressly disclaimed any recollection of the deed, and the sum of his statement was that he had kept his notarial record correctly. The fact that he appended a compared copy of the part of the notarial record in question, if error, was rendered harmless by the fact that the county clerk of Kendall County, who was at the date of the trial the custodian of such records, certified that the records contained the identical entry, a copy of which was attached to the depositions of Theiss. Neither the existence of this record nor the correctness of the copy was questioned. This certified copy, to which appellants also objected, was correctly admitted, not as sufficient alone to establish the delivery of the deed, but in corroboration of the statement of A. C. Herndon, and to show that such a deed was signed and acknowledged on the date, before the officer, and in the county in question. The authority of the clerk to make and certify to the copy and the admissibility of the copy are clear. Rev. Stats., art. 2306, 2309, 3514.

The fifth assignment of error is not followed by an appropriate proposition and statement, and will not be formally considered. The charge therein complained of is not believed, however, to be error, as plaintiffs themselves proved over the objection of defendants that J. H. Herndon had performed the services entitling him to a half interest in the land in question under his contract with the Wynne heirs. The mere fact that defendant Robinson claimed also through J. H. Herndon did not bind him to J. H. Herndon as common source. He also claimed the entire tract through the Wynne heirs, and his deed from and under them conveyed to him the entire tract by metes and bounds.

If appellants desired instructions on the burden of proof and common source, appropriate special charges should have been requested. No assignments of error are urged in the briefs predicated upon the refusal of special charges. The charge of the court seems in all respects a proper presentation of the law of the case, and we deem it unnecessary to notice in detail the assignments of error assailing it as incorrect.

We are of the opinion that the evidence supports the verdict, and that the judgment should be affirmed.

*Affirmed.*

Writ of error refused.