### POSEY et al. v. VARNELL et al.
### No. 2407.

Court of Civil Appeals of Texas. Beaumont.
June 6, 1933.

Rehearing Denied June 14, 1933.

P. A. Sanders, of Nacogdoches, for appellants.

Adams & McAlister, of Nacogdoches, for appellees.

WALKER, Chief Justice.

The appellants Matt and Will Posey and Tom Williams and the appellees Ruth Varnell, the wife of appellee H. S. Varnell, and Flora Bell Kendrick, the wife of appellee G. W. Kendrick, are the only heirs of G. W. and Miss Maggie Williams, deceased, who died intestate. This suit was brought by appellants against appellees in county court, to partition the following described personal property, to wit:

| | |
|---|---|
| Balance of money on deposit with Stone Fort National Bank, Nacogdoches, Texas | $611.47 |
| Cash on hand not on deposit | 260.00 |
| Three cows, valued at | 53.00 |
| Insurance collected from life policy G. W. Williams | 135.00 |
| One mule, valued at | 40.00 |
| Household furniture and farming implements, valued at | 60.00 |
| Lampkin land note, valued at | 96.00 |
| Total | $1,255.47 |
| Less expenses of burial and doctor's bills | 345.00 |

Balance of estate remaining, valued at $910.47

—on allegations that the property, as inventoried, belonged to the estate of G. W. and Maggie Williams, deceased, and was in possession of appellees or, having been in their possession, had been converted by them. It was further alleged that the real estate belonging to the estate of the deceased had been partitioned among the heirs by agreement. There was also an allegation that appellants held certain personal property belonging to the estate, which they tendered back to the estate for partition. The prayer was for partition, and alternatively against the appellees as for conversion. The answer of appellees, except Mrs. Varnell, was by demurrer and disclaimer, whereby they disclaimed all right, title, claim or interest in the estate; Mrs. Varnell answered by gen-

eral denial and specially that all property of the estate held by her was given to her by the deceased prior to their death. Judgment was entered upon the verdict of the jury, supported by fact findings of the trial judge, decreeing partition as to the $96 note and the mule and cow, charging appellants in the partition with the value of the personal property held by them.

## Opinion.

■ The evidence was clearly to the effect, and the trial court so found, and there is no assignment against that finding, that the only part of the estate in controversy held by Mrs. Varnell was the $260 "cash on hand not on deposit." G. W. Kendrick testified that this money was given to Mrs. Varnell by G. W. Williams prior to his death. Appellants objected to this testimony as being in violation of article 3716, R. S., which prohibits the heirs or legal representatives of a decedent from giving testimony to any transaction with the decedent. Though G. W. Kendrick was the husband of one of the heirs, his testimony was not received in violation of this article. He and his wife had disclaimed all interest in the estate, and there was nothing in evidence making them liable in any way as heirs of the deceased, and under their disclaimer they had no right, title, claim, or interest to any part of the estate in controversy. Therefore, his evidence was properly received. Eastham v. Roundtree, 56 Tex. 110; Markam v. Carothers, 47 Tex. 21; Mayfield v. Robinson, 22 Tex. Civ. App. 385, 55 S. W. 399; Oaks v. West (Tex. Civ. App.) 64 S. W. 1033. In Albritton v. Commerce Farm Credit Co., 9 S.W.(2d) 193, 196, citing many authorities, Chief Justice Gallagher, speaking for the Waco Court of Civil Appeals, said: "When a party to such a suit has disclaimed any interest in the property involved therein * * * such party thereupon becomes * * * competent to testify concerning transactions with and statements by the deceased affecting the issues involved therein."

■ As to appellees Flora Bell Kendrick and her husband, G. W. Kendrick, the testimony was conclusive, and there was no testimony to the contrary, that they were not in possession of any part of the estate of the deceased and had not converted any part of the estate to their own use and benefit. Their only connection with the property in controversy was as follows: After the death of G. W. Williams, all the parties to this litigation, together with Miss Maggie Williams, gave G. W. Kendrick authority to withdraw the $611.-47 from the bank, where it was on deposit at the time of the death of G. W. Williams. Under this authority G. W. Kendrick withdrew the money from the bank and paid it over to Miss Maggie Williams. Appellants insist they raised an issue of conversion against Kendrick by their testimony to the effect that

after withdrawing the money from the bank he was to hold it as trustee for the use and benefit of Miss Maggie Williams and to pay it out only when necessary for her proper support. On this testimony they complain that the court refused to submit the issue that G. W. Kendrick violated his trust by paying the money to Miss Williams. A complete answer to these assignments is that no such issue was pleaded by them. By their pleading they merely raised the issue that G. W. Kendrick had in his possession the property listed and inventoried, or had converted it to his own use and benefit. The suggested issues were entirely immaterial under the pleadings. G. W. Kendrick also collected the life insurance item of $135, but the jury found that he paid this item on the funeral expenses of G. W. Williams, and there is no assignment against this finding.

■ There was no testimony that H. S. Varnell had in his possession any part of the estate of the deceased except the $96 note and the cow and the mule which the judgment subjected to partition. There was testimony to the effect, and the jury so found, that Maggie Williams authorized H. S. Varnell to expend $131.69 "for the building of the room for her convenience." Maggie Williams moved into the Varnell home, and they were supporting her. For her convenience and use under her instructions and at her request, they built an additional room to their house at a cost of $131.69, which Miss Williams paid. Appellants made no contention by their petition that this money was wrongfully received by H. S. Varnell. As already stated, their only contention was that he had the funds of the estate in his possession or had wrongfully converted them. The undisputed facts as to the $131.69 show that this sum of money was paid to H. S. Varnell and that he gave value for it. The jury also found that H. S. Varnell paid out the sum of $320.25 "for the benefit of the estate of G. W. and Margaret Williams." This finding does not convict Varnell of wrongfully converting any portion of the estate, nor of having it in his possession subject to partition. Miss Maggie Williams had the right to use the $611.47. If, as the jury found, she expended this for the use and benefit of the estate of herself and her deceased brother, then, in the voluntary partition of the estate, the conclusion necessarily follows that appellants received the benefit of this money. Anyway, the finding of the jury was that Varnell "paid out" the money for the benefit of the estate. Therefore he did not have it in his possession nor had he converted it, and that was the case made by the petition of appellants.

■ The Varnells took care of and waited upon G. W. and Maggie Williams prior to their death. The jury found that a reasonable compensation to them for this service would be $72.25. We agree with appellants

that this issue was not made by the answer of appellees. However, there is nothing to indicate that the answer of the jury to this question in any way entered into the judgment of the court or that the Varnells have been in any way paid the sum of $72.25. Clearly the trial court, in ordering the partition of the remainder of the estate, made no provision for the payment of this sum.

As to appellees H. S. Varnell, G. W. Kendrick, and his wife, Flora Bell Kendrick, by separate issues, the court asked the jury whether or not they had "converted" to their own use and benefit any of the funds belonging to the estate of G. W. and Maggie Williams. Appellants excepted to the refusal of the court to define the word "converted." This exception does not constitute reversible error for the simple reason that the issue of conversion was not raised by the evidence against any of the appellees. Under the evidence they made a lawful disposition of all funds belonging to the estate that came into their possession.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.