## DAVIDSON v. GRAY.

No. 1582.

Court of Civil Appeals of Texas. Eastland.

Oct. 9, 1936.

Davidson, Randall & Gray, of Dallas, and John Lee Smith, of Throckmorton, for appellant.

R. H. Templeton and Cocke & Cocke, all of Wellington, for appellee.

FUNDERBURK, Justice.

J. M. Hefley, unmarried and over 80 years of age, made a will in 1930, leaving his estate, of the probable value of $10,000, to the Odd Fellows Orphans' Home at Corsicana, Tex., with the exception of $500 to the local Odd Fellows Lodge at Wellington, Tex., of which he was a member. Subsequently, in July, 1933, he made another will in Dallas, Tex., providing substantially for the same disposition of his property made in said prior will, except omitting the $500 to the local lodge at Wellington, of which he had then ceased to be a member. In April, 1934, he became ill and was taken to West Side Hospital in Breckenridge, Tex., where, after some weeks, he died. Within eight days after he entered the hospital he made a new will, leaving all his property to the said West Side Hospital. This was not a charitable institution, but was operated for profit and the convenience of doctors who owned it. Three days later, he made still another will, dated April 20, 1934, which was witnessed in part by the same parties who witnessed the first hospital will. By this last will he left $1,000 to Dr. Kessler, one of the owners of said hospital, and the remainder of his estate to the children of Carrie Gray, a niece of the testator. The children of Carrie Gray were related to the attorney drawing the will.

After Hefley's death, T. W. Davidson, the executor named in the will of July, 1933, executed in Dallas, made application to probate said will. Carrie Gray contested the application. To show an interest entitling her to contest the probate of the will she alleged, among other things, that a new and different will had been made in which she was named as beneficiary. Upon hearing the contest, the county court admitted the will, offered by the proponent Davidson, to probate. Carrie Gray, the contestant, appealed to the district court. Thereafter Carrie Gray filed an application in the probate court to probate the second and last will made in the hospital. T. W. Davidson appeared and contested the application, pleading, among other things, that the matter had been adjudicated in the first mentioned probate proceeding. From a judgment denying probate of this will, Carrie Gray appealed to the district court.

In the district court, over the objection of the said T. W. Davidson, the two ap-

pealed actions were consolidated. Upon the trial of the consolidated actions judgment was rendered denying probate of the will offered by Davidson and admitted to probate the will offered by Mrs. Carrie Gray. T. W. Davidson has appealed.

Appellee makes certain objections to consideration of appellant's brief. None of them are regarded as presenting questions warranting our refusal to consider the brief, and the questions presented are not thought to be of sufficient interest to require discussion. The objections are therefore without further comment overruled.

Appellant presents his contentions under six propositions. Only the third and sixth propositions are believed to be sufficiently meritorious to require more than very brief discussion.

The first proposition is: "Where an aged man, an old bachelor, had for many years maintained a declared and fixed purpose of leaving his estate to an orphans' home of an institution of which he was a member and which orphanage he visited and inspected and in favor of which he had while in health made his will, and when in extreme age during his last illness and in a weakened senile condition he makes within the space of three days two other wills, naming new beneficiaries, some of whom are strangers, all of whom are those at his bedside, there arises a presumption of an absence of mental capacity or of fraud or of undue influence." It is not clear what act or ruling of the court is claimed to have been erroneous and constitutes the basis of this proposition. No reference is made to the assignments of error. The only assignment of error to which it could have any reference would be the eleventh assignment. It is not clear whether that assignment complains of error based upon the want of evidence or of the insufficiency of evidence as regards the distinction between the two discussed in Hall Music Co. v. Robertson, 117 Tex. 261, 1 S.W.(2d) 857. The statement in the assignment of error that the "evidence is so conclusive and overwhelming that the judgment of the trial court should be reversed and judgment rendered for the proponent" indicates appellant's construction to be that he was raising a question of no evidence, since otherwise this court, upon reversing the judgment, could not render judgment for the proponent, but could only remand the case for a new trial. Be that as it may, the proposition is at least dependent upon the evidence showing conclusively that the testator, at the time he made the will under attack, was in a "senile condition." Assuming that by "senile condition" is meant the want of testamentary capacity, which would be necessary for the proposition to be good, the conclusion is inescapable that there was ample evidence to support a finding by the trial judge that the testator was possessed of sufficient testamentary capacity. If it be granted that the facts enumerated would create one or more of the presumptions stated, such presumptions would not be conclusive, but rebuttable. Issues of fact were raised by the evidence. The case was tried without a jury. The trial judge filed no conclusions of fact and law, and it is therefore necessary that we presume that every fact in support of the judgment was found which there was evidence to warrant.

The second proposition is: "Where under circumstances set forth in the first proposition a sick man signs a purported will under representations that it is a copy of his old will with only a slight change there arises a presumption of fraud and undue influence." This proposition is not supported by the record. The undisputed evidence did not show that the will was induced by "representations that it is a copy of his old will with only a slight change." There was evidence to that effect; but there was evidence to justify a finding that such was not the fact. The same principle discussed above requires the overruling of this proposition.

By the fourth proposition it is insisted that Dr. Kessler, to whom the will devised $1,000, was not qualified to testify to a conversation had with the deceased with reference to making and executing of the purported will even though he had filed a disclaimer of any interest under the will. If Dr. Kessler is to be properly regarded as a party to the probate action, a question we find it unnecessary to determine, it is our opinion that his formal disclaimer of any interest under the will and declaration that he would not receive the bequest to him, had the effect of eliminating him as a party to the action and removing any disqualification which otherwise he might have had. Markham v. Carothers, 47 Tex. 21; Mayfield v.

Robinson, 22 Tex.Civ.App. 385, 55 S.W. 399; Richards v. Hartley (Tex.Civ.App.) 194 S.W. 478; Oury v. Saunders, 77 Tex. 278, 13 S.W. 1030; Posey v. Varnell (Tex.Civ.App.) 60 S.W.(2d) 1057; Albritton v. Commerce Farm Credit Co. (Tex.Civ.App.) 9 S.W.(2d) 193, and authorities therein cited.

The fifth proposition based upon the action of the court in excluding testimony to show that testator's kinfolks who were beneficiaries in the will were financially well-off and not in need or distress, is likewise not supported by the record. After excluding the testimony the trial judge reversed his ruling and permitted the introduction of the testimony complained of.

By appellant's sixth proposition the point is made that Carrie Gray having appeared in the county court to contest the probate of the will offered by Davidson and having alleged that a subsequent will was made making a bequest to her for the benefit of her children, her failure to produce such subsequent will and invoke the jurisdiction of the court to probate it rendered the judgment probating the will then before the court, res adjudicata of any right to probate such other will. The allegations in Carrie Gray's contest of the probate concerning the other will were expressly for the purpose of showing sufficient interest in her to appear as a party contestant. The jurisdiction of the court was in no manner invoked to probate such will. No law to which we have been cited required her to apply at that time for its probate. If the fact of the existence of the subsequent will was evidentiary of anything more than an interest in the contestant, it was at most to show a revocation of the former will. We are unable to perceive that the principle of res adjudicata was applicable.

The third proposition presents the contention, in substance, that R. H. Templeton who testified in effect that testator told him that he had been overreached in the making of the will in Dallas, was an interested party to the suit and disqualified to testify to such conversation with the deceased under the provisions of R.S.1925, art. 3716. If the record supported this proposition, we think a question would be presented by no means free from difficulty. Judge Templeton testified that he was the grandfather of Carrie Gray's children; that he appeared as sole counsel for Carrie Gray in the contest of the will offered by Davidson; that he was appearing as counsel in the instant case on an agreed fee to be paid upon the determination of the suit, and contingent upon winning it.

■■ Interest of a witness in the subject-matter of a suit coming within the provisions of the said article 3716 does not disqualify him from testifying to statements by or transactions with a decedent. In Gamble v. Butchee et al., 87 Tex. 643, 30 S.W. 861, 862, the court said: "Interest does not disqualify in such case". In Mitchell v. Deane (Tex.Com.App.) 10 S.W.(2d) 717, 718, the court said: "Mrs. Mitchell not being an actual party to the suit, she does not come within the letter of the statute. * * * Interest in the suit does not disqualify." If interest does not determine the question of qualification, then what does? Under the common law, parties and persons interested in a suit were disqualified to testify as witnesses. In this state at an early day this disqualification was abolished by statute, it being enacted that "no person shall be incompetent to testify on account of color, nor because he is a party to a suit or proceeding or interested in the issue tried." R.S.1925, art. 3714. Said article 3716 was therefore in the nature of an exception to this general enabling statute. But the exception did not include any "person * * * interested in the issue tried." The exception only embraced "a party to a suit or proceeding." It therefore results that the only importance to be attached to the fact that a witness is interested in the issue tried is in determining the question of whether because of such interest he is, although not expressly so named, in fact a party. Although the statute in question, because it was in the nature of an exception to a general statute, has been held to require a strict construction, yet it must be regarded as settled that it is not to be so strictly construed as to exclude every witness who is not expressly named as a party to a suit. The true test seems to be whether, though not named expressly as a party, the judgment will be res adjudicata of any claim the witness may have in the subject-matter of the suit or action. Under this rule, if the attorney in question was the assignee of an interest in the cause of action, it is difficult for us to see why he would not under the test stated be a party to the suit, since, undoubtedly, he would be bound by

the judgment. His interest would be such that as assignee he might sue in his own name. 5 Tex.Jur. p. 514, § 101. If an assignee, he has such an interest in the cause of action that should his client order a dismissal of the cause, the attorney has a right to intervene in the suit. Id. But, if the attorney does not make himself a party upon the record, it is nevertheless held that "regardless of the nature of the attorney's interest, if the entire cause of action is brought in the client's name, the attorney will be concluded by any judgment rendered in the case." 5 Tex.Jur. p. 520, § 105.

We are not called upon to pass upon the question of whether as assignee of an interest in the cause of action the attorney would have been a party to the suit, and therefore disqualified, because the record does not show that he was such assignee. Upon the question of whether or not one is a party to a suit, there is undoubtedly a distinction between an assignee and one not an assignee, but who has a contract or agreement for a contingent fee. In other words, one having a contract for a contingent fee is not necessarily an assignee of any interest in the cause of action. This proposition is well illustrated in Galveston, H. & S. A. Ry. Co. v. Ginther, 96 Tex. 295, 72 S.W. 166, 167. In that case the court was called upon to decide whether an agreement giving an interest in the amount to be recovered by judgment or compromise would constitute an assignment of an interest in the cause of action. It was held that it would. But a distinction between an assignment and a contingent fee contract was recognized in the following excerpt from the opinion: "The instrument plainly expressed the intention to assign an interest in a cause of action of which a judgment or compromise was to be the measure, and the expression of this intention in any language was all that was required to make an assignment, *as contradistinguished from a mere agreement to pay so much as a contingent fee.*" (Italics ours.) Christmas v. Russell, 14 Wall. 69, 84, 20 L.Ed. 762, was cited, wherein it was said: "An agreement to pay out of a particular fund, however clear in its terms, is not an equitable assignment; a covenant in the most solemn form has no greater effect." The principle is stated in 5 Tex. Jur. p. 25, § 19, thus: "But a mere promise, though clear and solemn, to pay a debt out of a particular fund, is not an assignment even in equity." Conceding, for purposes of the present discussion, that if the attorney had been shown to have a contract giving a definite part of the amount to be recovered in the suit he would be an assignee, the testimony relied on to show his disqualification was not sufficient to show that he was an assignee. The testimony did not show that he had more than a merely contingent fee contract by which the recovery of a judgment probating the will would have been the contingency upon which his debt was to be paid. There was no evidence even of any agreement that he was to be paid out of the amount recovered. If at most he had only a contract for a contingent fee, he had no interest in the cause of action asserted by his client, and not being a named party to the suit, was not a party within the purview of the statute under the test above stated.

It may be answered that even if he had no interest in the cause of action as such, the interest he did have was such that the judgment would bind him. This is not really true in the sense that he might be bound by a judgment if he was the owner of an interest in the cause of action. The only effect of the judgment if he had no interest in the cause of action was to mark the contingency under which he was to receive some compensation or nothing under the contract with his client. The judgment did not bind him, but his own contract would bind him; the judgment being merely the evidence of the conditions of his contract by which he would or would not receive some compensation for his services. In this matter, as in other respects, the presumptions are in favor of the correctness of the action of the trial court, and even though the attorney would have been a party to the suit had he been shown to be the assignee of an interest in the subject of the action, a question which, as said before, we shall not undertake to determine definitely, the evidence did not show that he was such assignee.

It is therefore our conclusion that the judgment of the court below should be affirmed, and it is accordingly so ordered.

GRISSOM, J., disqualified and not sitting.