LOGAN et al. v. THOMASON et al.

No. 14781.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 25, 1946.

Rehearing Denied Dec. 6, 1946.

Second Rehearing Denied Jan. 10, 1947.

Donald & Donald, of Bowie, and M. W. Burch, of Decatur, for appellants.

C. T. Gettys and J. V. Patterson, both of Decatur, for appellees.

HALL, Justice.

One M. W. Burch of Wise County filed for probate a purported carbon copy of the last will of W. W. Bowers, deceased. A sister of the said W. W. Bowers, deceased, along with others, filed a contest. The county court refused said copy of will to probate. The proponent appealed to the district court. The proponent Burch, who was named executor in the will, was granted the right to be dismissed from the lawsuit for all purposes, thereby cancelling any interest that he might have in the subject matter of the will, as well as denying him the right to become executor under the will. The court allowed one W. B. Logan to step into the position of proponent and the trial proceeded before a jury.

Mr. Burch was offered as a witness in behalf of the proponent, to testify to transactions and conversations with the testator, which was strenuously objected to by contestants, and the court sustained said objections. We find under the authorities that the witness was not disqualified to testify under the dead man's statute, to-wit, Article 3716, Revised Statutes of 1925, but we do find that the court was correct in sustaining objection to that portion of his testimony pertaining to circumstances surrounding a contractual agreement between the testator Bowers and legatee W. B. Logan in reference to making said will, because the court is without authority while probating the will to construe the will or to

ascertain the effect of a prior contract to make a devise of property. Ellsworth v. Aldrich, Tex.Civ.App., 295 S.W. 206. The authorities granting witness Burch as a competent witness to testify under the dead man's statute are as follows: Combs v. Howard, Tex.Civ.App., 131 S.W.2d 206; Posey, et al v. Varnell, Tex.Civ.App., 60 S.W.2d 1057; Oury v. Saunders, 77 Tex. 278, 13 S.W. 1030; Richards v. Hartley, Tex.Civ.App., 194 S.W. 478 and Mayfield v. Robinson, 22 Tex.Civ.App. 385, 55 S.W. 399.

We take the position in passing upon contestant's objection to the trial court in permitting W. B. Logan, the son of a named devisee, who preceded the testator in death, to become the proponent of the will on the ground that he is not an interested party, is a question that this court cannot pass upon, under the facts in this case; then, too, it would be construing the will, and the only question the court is interested in in this case is as to whether or not said will should be probated, and/or as to whether or not it was revoked. Ellsworth v. Aldrich, supra. In some instances the court may go into the interest of the proponent, but in this case we think the court had the authority to proceed with the probation of the will. It is necessary under the statute to probate a will upon ascertaining its existence, article 3308, R.C.S.1925, especially if the will disposes of some of the property of the testator. Brown v. Burke, Tex.Civ. App., 26 S.W.2d 415.

Article 3326 contemplates that a will should be probated without delay while the witnesses are living. The case of Taylor et al v. Martin's Estate, et al, 117 Tex. 302, 3 S.W.2d 408, holds that a will should be probated even though it may become partially or totally revoked.

In the case at bar there are several bequests set out in the will other than that portion of the estate devised to the father of W. B. Logan, sufficient to make the probation of the will essential even though it might be developed that W. B. Logan has no justiciable interest in the will. We do not know from this record whether he has an interest or whether he does not have an interest, because he has not been called

upon by proper pleadings to show his interest. Apparently, his interest has lapsed if he is relying altogether upon inheritance from his father, W. B. Logan. It is possible, however, that he may be relying upon inheritance from some of the other legatees or devisees named in the will. This is an undecided question in this record, but even though it be said that he has no interest in the will, yet the will provided that if the executor named in the will does not qualify, the court shall name another person suitable to him to act as such executor. That portion of the will is as follows: "And, in the event he shall fail or refuse to qualify as such executor within the time prescribed by law, then and in that event he requests the court to appoint some suitable person in his stead." In this case, the executor named in the will did refuse to qualify and the court in obedience to the will did name a party suitable to him, to-wit, one W. B. Logan, to proceed as proponent to probate the will, and so far as this record shows, he is a suitable proponent to all other devisees and legatees named under the will to proceed to probate the same. If it is shown, however, that W. B. Logan has no interest under the will, and that the court does not still choose him as the representative to probate the will as proponent, then in that event he would not have a right to proceed in this case.

When a will is probated without the executor named therein qualifying, then it is the duty of the probate court to name an administrator with will annexed, and under our administration laws, to-wit, Art. 3355, R.C.S., any qualified disinterested person who lives in the county may become an administrator. Balfour v. Collins, 119 Tex. 122, 25 S.W.2d 804.

The main contention of proponent is in his objection to the one issue submitted to the jury and the instructions accompanying it, to-wit:

"Issue No. 1: Do you find from the evidence that W. W. Bowers destroyed, with the intent to revoke, the will dated November 11th, 1927, and offered in evidence as 'Proponent's Exhibit No. 1?' Answer yes or no.

"Answer: Yes.

"The burden of proof is upon the Proponent to show that the instrument dated November 11th, 1927, and offered in evidence as 'Proponent's Exhibit No. 1,' was not destroyed by W. W. Bowers.

"If you find from a preponderance of the evidence that W. W. Bowers did not destroy the will inquired about in Issue No. 1, you will answer 'No;' otherwise, you will answer 'Yes.'"

He complains in his point of law No. 11 as follows:

"There being no evidence of probative force showing revocation or destruction by W. W. Bowers of this will as established by competent evidence, the court erred in submitting Special Issue No. 1, and the instruction as to burden of proof and comment as to Jury's findings, because due execution of will is shown, a delivery to third person interested therein, and, therefore, the only manner of revocation or destruction would be as set forth in Article 8285, R.C.S., and there being no compliance therewith shown, it was reversible error to submit such issue as set forth in Court's Charge."

In his point of law No. 12, he cites as error the following:

"The Trial Court erred in framing its Charge so as to place burden of proof on Proponent to show that will executed as of November 11, 1927, was not revoked, when in fact the uncontradicted evidence shows same was in possession of an interested third party at all times, and, therefore, presumption of destruction is refuted, and burden to show revocation shifted to contestant."

We shall discuss both of these assignments of error together, as they are more or less kindred to each other. The proponent tried this lawsuit on the theory that the will was last seen in the hands of one of the beneficiaries, to-wit, one B. W. Logan; that it was caused to be placed in his hands at the instance and request of the testator. Therefore, it comes within the exception to the general rule which provides that the proponent must negative the revocation of the will in a contest, and that the burden shifts to the contestants to prove revocation. We think this objec-

tion to the court's charge is good, and hold that the trial court erred in placing the burden of proof upon proponent. We find that under the authorities the burden of proof does shift to the contestant when the will was last seen in possession of a party other than the testator. Aschenbeck v. Aschenbeck, Tex.Civ.App., 62 S.W.2d 326; McElroy v. Phink, 97 Tex. 147, 76 S.W. 753; Id., 77 S.W. 1025, reversing Tex.Civ.App., 74 S.W. 61; Rape et al v. Cochran et al, Tex.Civ.App., 217 S.W. 250, writ of error refused.

■ Proponent's proposition of law No. 10 is an objection to one of the contestant's attorneys testifying as to conversations and transactions had with the testator. The record shows that said attorney only had a contingent fee in the case. This contention is therefore overruled, and is decided in the following cases: Davidson v. Gray, Tex.Civ.App., 97 S.W.2d 488; Corbell v. Koog, Tex.Civ.App., 188 S.W.2d 905. The test is whether a party has an interest wherein he could contest a will or probate one. No such right exists under a contingent fee.

■ Proponent cites as error in his points 5, 6, 7 and 8 that the court erred in allowing parties to the lawsuit, to-wit, Harold Simmons and wife Margaret to testify to facts showing that the contestant's Exhibit A, hereinafter quoted, which is a purported signed instrument by testator, was after his death found in testator's room in a lock box, as being a transaction with decedent, and therefore, inhibited under Art. 3716. This question is decided against proponents in the case of Horst v. Tobin, Tex.Civ.App., 18 S.W.2d 221, writ refused, together with cases cited therein.

In discussing proponent's proposition 6, wherein he cites as error for the trial court to admit in evidence contestant's Exhibit A, which is as follows:

"June 24, 1941
"Last Will of W. W. Bowers
"This is my last will, revoking all other wills made by me at any time before this one.

"First—I direct that all of my debts shall be paid by Harold Simmons, out of my estate.

"Second—I give my interest in Wichita Valley Lands of Wichita County, Texas, and the oil royalty from it, which is received from the Texas Company and Phillips Petroleum Company to Harold Simmons and wife, Marguerite Simmons.

"Third—I give the balance of my estate to my sister, Mrs. Jennie Thomason of Sturgis, Kentucky.

"This is my last request and may no one attempt to change it.

"Signed   W. W. Bowers
"Written by Marguerite Simmons on June 24, 1941."

■ We construe this written instrument as lacking in legal formality to justify its admission in evidence to support a theory of it being a will or becoming an instrument of revocation. However, contestants did not introduce the same as a will, but as circumstances to show revocation. Since this case will be re-tried, we only say that under some conditions it might become a circumstance, along with other testimony, to show revocation, and that it might become admissible for that purpose.

We overrule proponent's motion of peremptory instruction, reverse and remand the case for a new trial.

SPEER, J., concurring.

McDONALD, Chief Justice (dissenting).

I am of opinion that appellant W. B. Logan did not have such justiciable interest in the controversy here involved as authorized him to offer the will for probate, or to maintain this appeal.

W. B. Logan, the appellant, is not named as a beneficiary in the will. He claims only as the heir at law, and as the successor in title of the other heirs at law, of B. W. Logan, who was named as a beneficiary in the will. It is undisputed that B. W. Logan, appellant's father, died several years before the testator died. Under elemental rules of law, the legacy lapsed.

While it is true that the courts will not, generally speaking, construe a will in a probate proceeding, still it may be necessary to examine the will in order to determine whether the person offering the will for probate is a person interested in the estate of the testator.

Article 3339, Revised Civil Statutes, provides:

"Applications for the probate of a will may be made by the testamentary executor, or by any person interested in the estate of the testator, and application for letters of administration upon any estate may be made by any person."

Article 3315 provides that any person interested in the estate may oppose probate of the will.

Speaking of the last cited statute, the Supreme Court has said:

"This is but a concrete statement of the universal rule of parties that no person will be permitted to maintain a proceeding without showing an interest in the subject-matter thereof. It is contrary to the policy of the state to permit the machinery of its courts to be set in motion at the instance of one who can in no event be profited thereby. Courts do not sit to decide mere abstract questions of law, but to redress grievances and prevent wrongs. Whatever the jurisdiction of a court, that court has no power to exercise such jurisdiction until its power is invoked by one having an interest in the subject-matter." Moore v. Stark, 118 Tex. 565, 17 S.W.2d 1037, 1041, rehearing denied, 118 Tex. 565, 21 S.W.2d 296.

In another case the same Court has said:

"It is a rule of universal acceptation that to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject-matter in litigation, either in his own right or in a representative capacity." Yett v. Cook, 115 Tex. 205, 281 S.W. 837, 841.

What is said supra in reference to Article 3315 is equally applicable to Article 3339. As is said in 68 C.J. p. 889, after referring to the rule that any person interested in the estate may apply for probate of the will:

"Under this rule, it is necessary that a person show that he has some interest in the matter before he will be allowed to become a proponent, as one who has no sufficient interest in the will or estate cannot petition for probate or for an order requiring the production of the will."

The cases cited in the footnotes support the text just quoted.

While in each instance it was held that the proponent had such an interest as entitled him to offer the will for probate, the opinions in the following cases obviously recognize the rule that the proponent of the will must be a person interested in the estate: Ryan v. Texas & Pacific R. Co., 64 Tex. 239; Taylor v. Martin's Estate, 117 Tex. 302, 3 S.W.2d 408; Lang v. Shell Petroleum Corporation, 138 Tex. 399, 159 S.W.2d 478; Ratcliffe v. Seaboard Nat. Bank of New York, Tex.Civ.App., 46 S. W.2d 750.

See also 44 Tex.Jur., Wills, Section 313, and cases there cited.

M. W. Burch, the executor named in the will, first filed an application to probate the will, but later filed in the county court a motion seeking leave to withdraw, to quote from the motion, "as applicant, and as purported executor of said estate," setting out in said motion that it would require financial responsibility to further maintain the suit, and that the applicant was not willing to proceed further in reference thereto. On the same day the county court entered an order refusing to allow Burch to withdraw, and refusing to allow Logan, the appellant here, to intervene, and refusing to probate the will.

Burch and Logan both signed, as principals, an appeal bond for the purpose of appealing the case to the district court.

Burch testified in the trial in the district court, and appellant Logan seeks to avoid application of Article 3716 to the testimony of Burch on the ground that Burch then had withdrawn from participation in the case and had no interest in the subject matter. The judgment of the district court recites that Burch's motion to withdraw was granted, to quote from the judgment, "the said M. W. Burch as a party

proponent and his application for the probate of such alleged will having been dismissed from the proceeding." In the order overruling the motion for new trial it is decreed.that Burch's name in the proceedings be considered an improper intrusion in the case and that same be stricken.

It is true that the district court ordered that appellant Logan be substituted as a proponent of the will, but the fact remains that Logan had no interest in the estate, and was not under Article 3339 authorized to occupy such role. The order of the trial court could not supply appellant's lack of justiciable interest in the controversy. Nor is it an answer to say that the will should have been probated because other persons, named as beneficiaries, had an interest in its probate. It was not permissible for the court to allow some disinterested person to carry on the suit for the supposed benefit of persons who did have an interest under the will.

There being no justiciable controversy between the opposing parties to this appeal, it is our duty to declare the case a moot one, and to order it dismissed.

It is my opinion, therefore, that the judgment of the district court should be reversed, and judgment rendered here dismissing the application of appellant Logan to probate the will, without prejudice to the right of any person having an interest in the estate to apply for probate of the will.

On Motion for Rehearing

HALL, Justice.

Contestants in their motion for rehearing strenuously complain of the way and manner the majority opinion used the term "burden of proof" pertaining to revocation, which opinion recites in part the following:

"The proponent tried this lawsuit on the theory that the will was last seen in the hands of one of the beneficiaries, to-wit, one B. W. Logan; that it was caused to be placed in his hands at the instance and request of the testator. Therefore, it comes within the· exception to the general rule which provides that the proponent must negative the revocation of the will in a contest, and that the burden shifts to the contestants to prove revocation."

■ ■ Their main contention seems to be that the burden of proof generally never shifts from the party having the affirmative cause of action. To such interpretation of the law we agree. However, in this case the burden was upon the proponent to prove the written instrument to have been a copy of the original will and that the same when last seen was in the hands of a person other than the testator, unattended by any circumstances which cast suspicion upon it. When this was accomplished, then the lost will became subject to probate. Under such facts in the case the presumption is that the will was not revoked. When such circumstances prevail, the burden of proving revocation rests upon the contestants as set out in the case of Rape v. Cochran, Tex.Civ. App., 217 S.W. 250, 251, writ of error refused, wherein the appellees were contestants in a lost will offered for probate, to-wit:

"We come, then, to the issue of the sufficiency of the evidence. In that connection the burden was upon appellees to prove that the will of Mrs. Cochran had been revoked. (Italics ours) This is true, for the reason that all authorities we have examined are in agreement in holding, when the lost will has been established, (1) that when the lost will was last seen in the possession of the testator the presumption is to be indulged that he destroyed it; and (2) when last seen in possession of some person other than the testator no such presumption arises. In the case cited it is declared that a lost will stands upon the same footing as one produced in court; that is to say, when its execution is shown, 'unattended by any circumstances which cast suspicion upon it,' the presumption prevails that it was not revoked, if when last seen it was in the possession of some one other than the testator. The proof attending the execution of Mrs. Cochran's will was clear and convincing, and unattended by any circumstances in that respect. A different rule applies, of course, if last seen in the possession of the testator."

In the instant case we have a copy of a will, the original of which was established by uncontradicted evidence to have been executed by W. W. Bowers, deceased. The court in his charge to the jury treated the instrument as such.

"Do you find from the evidence that W. W. Bowers destroyed, with the intent to revoke, the will dated November 11th, 1927, and offered in evidence as 'proponent's exhibit No. 1?' Answer yes or no."

■ This issue would have properly placed the burden of proof upon the contestants, if it had used the phrase "a preponderance," but the court's instruction accompanying it necessitates a reversal of the case because it places the burden of proving revocation upon the proponent. Aschenbeck v. Aschenbeck, Tex.Civ.App., 62 S.W.2d 326, writ of error dismissed; Rape v. Cochran, supra; Schultz v. Schultz, 35 N.Y. 653, 91 Am.Dec. 88.

Contestants also challenge the majority opinion in holding that this will case should be determined by a final judgment, either probating or denying it from probate, on the grounds that:

"The opinions of the majority holding by this court in the instant case seem to hold that it is made a part of the public policy of this state to require that all wills left by decedents be probated, and hold it to be the duty of the courts as well as all persons having information of the making of a will by a decedent to present it or have it presented for probate, and, even where it cannot be found or accounted for, to press an application to the point of having a court or jury determine whether it may be probated. * * *"

■ Such construction does not properly interpret the opinion. What the opinion does hold in substance is that since all parties treated the lost instrument as having been executed by decedent with the formality and solemnity of a will and since it took on legal life by being filed for probate by a proper proponent, who later withdrew from the proceedings; since such will named several legatees and devisees who were not the contestants, and especially since the will itself provides for an additional executor to be appointed in the event the one named did not qualify; then and in that event, the opinion holds that the will should not be destroyed for the mere lack of a proponent. Of course, as contended by contestants, under some circumstances, the legatees and devisees may agree either with themselves, or with the heirs not to probate a will; no such agreement is involved here. The majority opinion further holds that these devisees and legatees should not be denied their interest in said estate merely because no proponent is available to proceed with its probate. The record does not reveal that any of the named legatees or devisees know the existence of said will. If the will is admitted to probate, then the probate court is authorized under the law to appoint an administrator with will annexed to take charge of the estate and notify the devisees and legatees of their interest in same. If the will is denied probate, then the estate is subject to the laws of descent and distribution.

The motions for rehearing of both appellant and appellee are overruled.

McDONALD, C. J., dissenting.

SPEER, Justice (concurring).

Since Judge HALL has written further in this case on motion for rehearing, I have concluded that my original concurring opinion does not quite fit the situation, and it is therefore withdrawn and this one substituted in lieu of it.

I concur in the disposition of the appeal made by Judge HALL in reversing and remanding the case for another trial and also in overruling both motions for rehearing by appellants and appellees.

I think it obvious that the trial court found that the testimony conclusively showed the purported will of W. W. Bowers was last seen in the possession of one other than the testator, and that the evidence justifies that conclusion.

With this assumption as to the court's findings, the presumption of law prevails that testator did not revoke his will shown to have been executed on November 11, 1927. It was then incumbent upon contestants to show by a preponderance of the tes-

timony that testator did revoke that will. The settled rule seems to be that (1) if the proposed will was last seen in the custody of testator and it is not produced on application to probate it, the presumption is that he destroyed it, but (2) when the proper execution of the will has been established, and it was last seen in custody of one other than testator, and is not produced when probate is proposed, no such presumption prevails and, in such cases as Rape v. Cochran, Tex.Civ.App., 217 S.W. 250, writ refused, the burden of proof rests upon contestants to show revocation. Our attention is called to May v. Brown, Tex., 190 S.W. 2d 715. In that case the question we have before us was not involved. There, the proposed will was produced, but it was contested upon several grounds, one of which was that testator had made a subsequent will revoking the one proposed. In such cases, certainly the burden of proof, under the statute, rested upon proponent to show that the will proposed and produced had not been revoked, especially when attended by "Circumstances which cast suspicion upon it." [217 S.W. 251]

The single special issue submitted in the instant case did not place the burden of proof upon either party, but the instruction given with the issue provided: "The burden of proof is upon the proponent to show that the instrument dated November 11, 1927, and offered in evidence as proponent's exhibit No. 1, was not destroyed by W. W. Bowers." (Said exhibit and instrument referred to was the carbon copy of the proposed will).

It is my opinion that contestants' Exhibit "A" was admissible in evidence against the objections made by proponents. This document had some of the phraseology common to wills but for various reasons could not be denominated a will. It contained language purporting to revoke all former wills made, and there is substantial testimony that it was signed by W. W. Bowers. The instrument was not admissible as a subsequent will, for it was not such, but because of the declaration of revocation of former wills, therein. It has often been held in this state that declarations by a testator of revocation of his will were admissible in

evidence when proven by competent testimony. See May v. Brown, Tex., 190 S.W. 2d 715. We can see no difference in the rule admitting such oral statements and such as these in writing; the latter, it seems, would prove to be more accurate than the memory of some person about statements made in the past by a testator.

The purported signature of W. W. Bowers to the document offered in evidence was contested, but there was ample evidence in support of the genuineness of the signature to make it admissible in evidence.

There is another very important phase of this appeal necessary for our determination. It is, did intervener Logan have a right to intervene as proponent when Burch, the named executor, withdrew from the case and disclaimed all rights given to him by the terms of the purported will, and did Logan have the legal right to further prosecute the case on appeal? Contestants vigorously contend that Logan had no such rights, because he was shown by the testimony to have no interest in the subject matter.

All members of this court have not agreed upon this point, as will be seen by Chief Justice McDONALD's dissenting opinion. The question goes to the heart of this appeal.

If intervener had no right to succeed Burch as proponent, then the will has not been presented for probate and all proceedings below are without force or effect. The will provided in effect that if Burch should fail or refuse to act in the premises then the court should appoint some suitable person to carry out the terms of the will. It would appear that this very thing happened in so far as presentment of the will for probate was concerned. Whether or not the court would have designated some person other than intervener to propose the will is beside the question; it remains that the court did allow him to intervene for that purpose.

Intervener alleged that he had an interest in the estate, by reason of being a son of one of the principal beneficiaries named in the will. He did not aver that his father had predeceased the testator but the testimony disclosed this to be true. The record also shows that he has a suit pending in the

district court of Wise County seeking to recover a portion of the estate of testator. The full nature of that suit is not disclosed. We are not prepared to say that, in his pending suit, he is not relying upon some form of contract between his father and testator, and if the will should be admitted to probate it might obviate many important issues to arise in the other suit; whether such disclosures are beneficial or detrimental to him is no concern of this court; if the will is denied probate it may disclose a breach of contract between intervener's father and testator. In either case instanced he would have a real interest in whether or not the will should be probated. It is the general rule that the probate court will not attempt to construe a will, but only determine if the proposed document is the last will of a deceased person.

We cannot at this time say that intervener had no interest in the estate of testator. We are unwilling to judicially determine at this time that intervener had no interest therein, when the question is not fully before us. Much time has now elapsed since the death of testator, and again, we have no means of knowing whether or not limitation would bar the probate of deceased's will, if any he had.

It may be that intervener was in perfect good faith in the belief that he had an interest in the estate and that his right to establish it as a fact depended upon whether or not the proposed will was subject to probate. It is certain that the named executor had originally proposed the will but subsequently withdrew from and declined to further prosecute the case. It is equally certain that no other legatee came to the assistance of the court to propose its probate, and with the consent of the court intervener did vigorously prosecute the case. A somewhat similar situation arose in Howley v. Sweeney, Tex.Civ.App., 288 S.W. 602, where it was held that proponent had a right to intervene in the case and have the will probated as a muniment of title.

The Judge of the Probate Court in each county has an official responsibility to hear and determine all probate matters. Texas Constitution, Sect. 16, Art. V, Vernon's Ann.St. Article 3308 empowers the county judge, when written complaint is made, to require any person having in his possession a will or other papers of a deceased person, to present the same, and a penalty is fixed against those who disobey such an order. This article has been construed to authorize the court to compel the probate of a valid will. In re Glynn's Estate, Tex.Civ.App., 62 S.W.2d 1019, writ refused.

The probate court has the duty to see that the wishes of a deceased person expressed in a will are carried out. This is true, for the reason, by the provisions of Article 3355, R.C.S., if a person dies leaving a will which does not name an executor, or where one is named and he fails to qualify as such within the time required by law, then if administration appears to the court to be necessary, he shall appoint an administrator with will annexed, of the estate of the testator.

Article 3339 provides that application for probate of a will may be made by (a) the testamentary executor, or (b) by any person interested in the estate of testator, and (c) application for letters of administration upon an estate may be made by any person.

Burch was named in the will as independent executor and the court would have no right to name any other person clothed with all the power and authority as Burch would have had if appointed. Simpkins, Administration of Estates, 3rd Ed., p. 64.

When the proposed will (not produced) was before the court sitting in probate matters, and the testamentary executor withdraws from the case, I think it is encumbent upon the court to proceed in some orderly manner to determine if the proposed will should be admitted to probate. It does not appear from the will that any of the named legatees reside in Wise County nor does it appear that any one or more of them had knowledge that testator had made a will, that it could not be produced, or that a carbon copy of it was to be found in Mr. Burch's office during the two and half years since the death of the testator.

Irrespective of intervener's adoption of Burch's application, he could not be appointed independent executor; all that

could have been done was for the court to determine if the will should be probated, and if found necessary, to appoint a testamentary executor or administrator with will annexed.

Article 3449 provides that administration under a will shall be governed by the laws relating to administration, except where otherwise provided by law or by direction of the will. This subject is discussed in Balfour v. Collins, 119 Tex. 122, 25 S.W.2d 804.

It is my belief that in such cases as this, when a purported last will of a deceased person has in fact been proposed for probate, and the testamentary executor abandons the case, and no named beneficiary appears to continue prosecution of the cause, the trial court clothed with the responsibilities above outlined, could name some suitable person for that purpose; but here we have intervener asserting an interest and proposing to intervene and the court permits it. If it now be held that all such acts were illegal, then it must follow that the will has not been presented for probate and all former orders are ineffective. Whether or not the court would eventually determine if the estate requires testamentary or other administration, and whom he will appoint for that purpose, if found necessary, is unimportant to us. See Simpkins Administration of Estates, 3rd Ed. p. 82; Ratcliffe v. Seaboard National Bank, Tex.Civ.App., 46 S.W.2d 750.

As a general rule it can be said that a person who is not aggrieved by a judgment has no legal standing for the prosecution of such suit either at trial or on appeal. May v. Brown, Tex., 190 S.W.2d 715. But in practically all cases cited and those found by us on the point, are based on the general rule, or involve parties contesting will probate. In the latter class of cases, we need not resort to the general rule for the reason the plain language of Art. 3315, R.C.S. limits the right to *contest* such matters to parties interested in the subject matter. In this connection we are cited to the case In re Glynn's Estate Tex.Civ.App., 62 S.W.2d 1019, writ refused. In that case an administration had been allowed, and Mrs. Wright proposed the probate of a will, declaring she had no interest in the subject matter. The probate was denied, upon grounds therein stated, but the court found it unnecessary to determine if Mrs. Wright could legally propose the probate of the will.

As before stated I am unwilling to assent to a judicial determination at this time, finding that intervener has no interest in the subject matter of this suit, when we know he has a suit pending to determine that question. When the time comes for trial of that case, intervener should not be confronted with a judicial determination that he has no interest in what he there, perhaps, seeks to recover.

With these additional suggestions, I concur in the reversal of the judgment of the trial court and in overruling each of the motions for rehearing.

McDONALD, C. J., dissenting.