WILLIAM BALFOUR v. J. C. COLLINS.

No. 5445.   Decided March 26, 1930.
(25 S. W., 2d Series, 804.)

*Cooper & Lumpkin,* for appellant cited the following: Angier v. Jones, 67 S. W., 449; Coates v. Bain, 258 S. W., 897; Cooper v. Railway Co., 93 S. W., 201; George v. Watson, 19 Texas, 309; Kelly v. Settegast, 68 Texas, 13; Levy v. Moody, 87 S. W., 205; Pipkin v. Turner, 277 S. W., 221; Simpkins on Estates, page 43; Stewart v. Poinboeuf, 233 S. W., 1093; St. L. & S. W. Ry. Co. v. Smitha, 238 S. W., 494; Statute, (R. C. S. of 1925), Articles 3372, 3357, 3898, 3291.

*Robert E. Stalcup,* for appellee.

The County Court of Dallam County, having in proceedings, in all respects regular, appointed appellee temporary administrator on the 25th day of April, 1928, that court had exclusive jurisdiction of the subject-matter of the suit, and its acts were fully binding until vacated or set aside in a proper legal manner.

The pretended acts of the County Court of Oldham County, in attempting to appoint appellant temporary administrator were wholly void; that such pretended appointment gave the appellant no standing as a contestant in the County Court of Dallam County in this cause. Angier v. Jones, 67 S. W., 449; Brockenborough v. Melton, 55 Texas, 493; Cooper v. G. C. & S. F. Ry. Co., 93 S. W., 201; Crawford v. McDonald, 33 S. W., 325; Dixon v. Dixon, 5 S. W., (N. S.) 744; Dixon v. Green, 285 S. W., 813; Farmer v. Saunders, 128 S. W., 942; George v. Watson, 19 Texas, 309; Krawietz v. Kneiski, 236 S. W., 805; Levy v. Moody, 87 S. W., 205; Pena Y.

Vidaurri's Est. v. Bruni, 156 S. W., 315; Pipkin v. Turner, 277 S. W., 221; Reeves v. Fuqua, 277 S. W., 423; Reisner v. G. C. & S. F. Ry. Co., 36 S. W., 53; Smith v. Mann, 296 S. W., 613; St. L. & S. W. Ry. Co. v. Smitha, 232 S. W., 494; State National Bank v. City of Dallas, 68 S. W., 334; Stewart v. Poinboeuf, 233 S. W., 1095; Summers v. Silverton, etc., 268 S. W., 223; Stark v. Seale, 59 Texas, 2; Stone v. Byers, 73 S. W., 1086; Statutes (1925) Articles 3315, 3293, 3372, 5534; Texas Trunk Ry. Co., v. Lewis, 16 S. W., 647; Warren v. Prueter, 88 S. W., 434; Wright v. Red River City Bank, 20 S. W., 879; Young v. Russell, 60 Texas, 687.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals Section A.

This is a certified question from the Court of Civil Appeals for the Seventh District at Amarillo.

The certificate shows that Wm. Reid was a watchman for many years for the Ft. Worth & D. C. Ry. Co. at its bridge across the Canadian River. During his lifetime Reid had accumulated about $8000.00 which he had on deposit in the First National Bank of Channing, Hartley County, Texas. He became ill and was taken to a hospital in Dallam County, Texas, where he died intestate on April 15, 1928.

One J. C. Collins, who resides in Hartley County, Texas, on October 26, 1928, filed an application in the County Court of Dallam County, Texas, to be appointed temporary administrator and for letters of permanent administration on the estate of the deceased. In this application it was affirmatively shown on the face of the same that Collins lived in Hartley County, Texas, a different county from the county in which he sought to be appointed administrator. Also Collins' application alleged that the deceased at the time of his death had no fixed or permanent residence, but was temporarily residing in Dallam County, Texas, at the time of his death. Collins further alleged in his application that the deceased, at the time of his death, was seized and possessed of an estate consisting of personal property of the probable value of $7500.00 located in Dallam and Hartley Counties, and that the interest of said estate required the immediate appointment of a receiver for the reasons, (1) that the deceased left no heirs or legal representatives, etc. and (2) that the deceased left certain debts, etc. Collins prayed to be appointed temporary administrator and that such appointment be made permanent as provided by law.

After the appointment of J. C. Collins as temporary administrator in Dallam County, but before such administration had been made permanent, one Wm. Balfour was appointed temporary administrator of the estate of the deceased by the county court of Oldham County, Texas. Balfour took the required oath and made his bond as such. Collins intervened in the proceedings in Oldham County, setting up in his plea of intervention that he, Collins, had been previously appointed temporary administrator of this estate by the county court of Dallam County, and had qualified as such, and that by reason thereof the county court of Oldham County was without jurisdiction to hear said proceedings and asked the abatement of the Oldham County proceedings. The county court of Oldham County is alleged to then have entered an order continuing its temporary administration until the next regular term of said court, and authorized the said Balfour to contest the appointment of any person as administrator of the estate of the deceased in the county court of Dallam County.

After the above proceedings, and before Collins was appointed permanent administrator in Dallam County, Balfour filed in the county court of Dallam County, his contest in writing to the appointment of Collins. Balfour alleged in this contest that he had taken steps to be appointed administrator in the county court of Oldham County, Texas; that the deceased had a permanent and fixed place of residence in Oldham County, Texas, at the time of his death; and that by reason thereof the county court of Oldham County had venue as well as jurisdiction of the estate of the deceased, and not the county court of Dallam County. Balfour further alleged that Collins was not a suitable person to receive letters of administration for various reasons not necessary to set out here. Balfour prayed that Collins' application be denied.

The county court of Dallam County heard the application of Collins to be appointed administrator, and the contest of Balfour. The contest was overruled and Collins appointed as prayed for by him. Collins then took the statutory oath and gave the statutory bond. From these orders and the judgment of the county court of Dallam County Balfour appealed to the District Court of that county. When the case came on for trial the District Court sustained a motion by Collins to dismiss the appeal of Balfour on the ground that he was not such an interested party as entitled him to maintain a contest of the administration, and on the further ground that said Balfour having been dismissed from the suit, had no right

to file a contest in the District Court. The District Court further entered an order remanding the cause to the County Court of Dallam County.

Balfour appealed to the Court of Civil Appeals for the Seventh District at Amarillo, which court certified to the Supreme Court the following question:

"Balfour, not having been shown to be a party interested as an heir, legatee, etc. of Wm. Reid, was he such a person as was entitled to file a contest of the administration proceedings in the County Court of Dallam County under the provisions of said Article 3372, Revised Civil Statutes of Texas?"

The certificate sets out and calls the attention of this court to Articles 3315 and 3372, R. C. S. of Texas, 1925.

The question certified directly involves a construction of the two articles last above mentioned. In answering the question certified we think it proper to discuss Articles 3293, 3328, 3332, 3339, 3357, 3358 and 3372, as well as the two articles mentioned, 3315 and 3372.

The articles in question read as follows:

"Art. 3293. *Venue for Probate.* Wills shall be admitted to probate, and letters testamentary or of administration shall be granted:

"1. In the county where the deceased resided, if he had a domicile or fixed place of residence in the State.

"2. If the deceased had no domicile or fixed place of residence in the State, but died in the State, then either in the county where his principal property was at the time of his death, or in the county where he died.

"3. If he had no domicile or fixed place of residence in the State, and died without the limits of the State, then in any county in this State where his nearest of kin may reside.

"4. But if he has no kindred in this State, then in the county where his principal estate was situated at the time of his death. (Acts 1876, p. 93; G. L., Vol. 8, p. 929.)"

"Art. 3328. *Requirements.* All applications for probate of wills, or for letters testamentary or of administration, shall be in writing and filed with the county clerk of the proper county. (Acts 1876, p. 94; G. L. Vol. 8, p. 930.)"

"Art. 3332. *Letters of Administration.* An application for letters of administration shall state:

"1. The name of the deceased; that he is dead, and the time and place of his death, and that he died intestate.

"2. The facts necessary to show that the court has jurisdiction of the estate.

"3. The nature and probable value of the estate.

"4. That a necessity exists for an administration upon such estate, setting forth the facts which show such necessity.

"5. That the applicant is not disqualified by law to act as administrator."

"Art. 3339. *Application made by whom.* Applications for the probate of a will may be made by the testamentary executor, or by any person interested in the estate of the testator, and application for letters of administration upon an estate may be made by any person. (Acts 1876, p. 95; G. L. Vol. 8, p. 931.)"

"Art. 3357. *Letters granted in order.* Letters testamentary or of administration shall be granted to persons who are qualified to act, in the following order:

"1. To the person named as executor in the will of the deceased.

"2. To the surviving husband or wife.

"3. To the principal devisee or legatee of the testator.

"4. To any devisee or legatee of the testator.

"5. To the next of kin of the deceased, the nearest in the order of descent first, and so on.

"6. To a creditor of the deceased.

"7. To any person of good character residing in the county."

"Art. 3358. *Applicants equally entitled.* When applicants are equally entitled, letters shall be granted to the applicant who, in the judgment of the court, is most likely to administer the estate advantageously, or they may be granted to any two or three of such applicants. (P. D. 5512.)"

"Art. 3372. *Grant of letters may be opposed, etc.* When application is made for letters of administration, any person may at any time before the said application is granted, file his opposition thereto in writing, and may apply for the grant of letters to himself or to any other person; and, upon the trial, the court shall grant letters to the person that may seem best entitled to them, having regard to the provisions of this title, without further notice than that of the original application."

"Art. 3315. *Contestant.* Any person interested in an estate may, at any time before any character of proceeding is decided upon by the court, file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits."

It is plain that any right of appointment in Collins is under subdivision 7 of Article 3357. Collins' application filed in the County Court of Dallam County, shows upon its face that he is not qualified to act as administrator of this estate and should not have been appointed even if it be admitted that Dallam County had venue of the estate over Oldham County. Subdivision 7 of this article plainly requires that the administrator to whom letters are granted under said subdivision 7 should reside in the county. Collins made his application to the County Court of Dallam County and affirmatively shows on the face of his application that he resides outside the county. He is not qualified to be appointed by the County Court of Dallam County where his qualifications, as in this instance, depend upon subdivision 7 of Article 3357.

Under subdivision 1, of Article 3293, if the deceased had a domicile or fixed place of residence in Oldham County, Texas, at the time of his death, then the Oldham County court had venue of said estate in preference to Dallam County, which, as shown by the certificate must obtain venue under some subsequent subdivision of said Article 3293. Of course the county courts of both counties had jurisdiction. Furthermore the jurisdiction of the Dallam County Court having first been invoked the action of the County Court of Oldham County in thereafter appointing a temporary administrator lends no aid or force to the position or rights of Balfour in the instant suit. Stewart v. Poinboeuf, 111 Texas, 299, 233 S. W., 1095 (Sup. Ct.).

Under Article 3328 all applications for administration must be in writing and filed with the clerk of the proper court. Under subdivision 5 of Article 3332, the appellant must affirmatively state in the application that he is not disqualified to act as administrator. As above shown, Collins' application showed upon its face that he was not qualified under the statute.

Under Article 3339 any person is given the right to make application for an administration. Of course Article 3339 must be construed in conjunction with Article 3357, which defines who are qualified to act. Under Article 3357, any person of good character residing in the county where the administration is had has the right to be appointed administrator.

Under Article 3358, it is provided that when persons are equally entitled to act as administrator the court shall grant letters to the one most likely to administer the estate advantageously, etc.

From what we have said it is plainly apparent that if Oldham county was the permanent and fixed abode of the deceased, at the time of his death, and he was only in Dallam County temporarily for treatment at such time, then the Oldham county court has venue over the estate for probate purposes in preference to Dallam County. It is further plainly evident that if Balfour is a person of good character residing in Oldham county, he, under subdivision 7 of Article 3357, had a right, as a class, to be appointed administrator of the estate in Oldham County. Of course the Oldham county court cannot appoint an administrator at all until the previous probate proceedings in Dallam County are disposed of.

Under Article 3370, it is provided among other things, that before granting letters of administration it must appear that the person to whom letters are about to be granted is entitled thereto by law and is not disqualified. See Subdivision 5 of Article 3370.

It is provided by Article 3315 that a person must be interested in an estate before he has the right to appear and contest a probate proceeding. In the face of the provisions of Article 3315, it is provided by Article 3372, that when application for letters of administration is made any person may at any time before the application is granted file his opposition thereto in writing, etc.

It appears from the certificate that Balfour's contest was dismissed in Dallam County and that he was not permitted to contest the appointment of an administrator in that county. In passing on the question certified we must therefore conclusively presume the facts alleged in the contest to be true.

The question certified really involves one issue, viz: Is it necessary for Balfour to show an interest in the estate of deceased within the meaning of Article 3315 before he can appear in the instant proceedings in Dallam County, and contest the administration proceedings sought in that county? In fact, this is the one issue certified. Article 3372 expressly provides that any person may, at any time, before the application is granted file his opposition thereto in writing, etc. We are of the opinion that any person, with or without an interest in the estate, has the right under Article 3372, to appear in the probate proceedings of Dallam County and contest the appointment of Collins as administrator. If it were necessary for an interest in the estate to be shown before the rights and powers provided for by Article 3372 are permitted to be exercised by a citizen, then the article would be a meaningless and idle thing; this because the rights of those interested in the estate to contest are already

130

provided for by Article 3315, and no necessity whatever could be conceived of for the enactment of Article 3372. We never give a statute a construction that renders it meaningless if a different construction can reasonably be applied. Article 3315 is a general law, and under its terms, in all cases where any one attempts to contest a probate proceeding interest must be shown. This general rule, however, is modified by the more special provisions of Article 3372 in cases where the latter article applies.

For the reasons stated we recommend that the question certified be answered "yes."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.