## J. C. COLLINS, Appellant, v. William BALFOUR, Appellee.
### No. 3627.

Court of Civil Appeals of Texas. Amarillo.
June 17, 1931.

Rehearing Denied June 24, 1931.

R. E. Stalcup and Tatum & Strong, all of Dalhart, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

RANDOLPH, J.

This is the second appeal in this case. Balfour was the appellant on the former appeal, and on hearing in this court we certified to the honorable Supreme Court of Texas, the following question: "Balfour, not having been shown to be a party interested as an heir, legatee, etc., of William Reid, was he such a person as was entitled to file a contest of the administration proceedings in the County Court of Dallam County, under the provisions of art. 3372, Revised Civil Statutes of Texas?"

The certificate also calls attention of the Supreme Court to article 3315 of said statutes.

The Commission of Appeals answered fully, and their answer will be discussed in the further consideration of the case at bar. On return of the answers of the Commission of Appeals to this court [see 25 S.W.(2d) 804], we entered judgment reversing and remanding the judgment of the trial court for a new trial under the instructions contained in the opinion of the Commission of Appeals [see memorandum opinion 27 S.W.(2d) 185].

The new trial has been had in the district court, and on this last trial that court rendered judgment finding that the deceased, William Reid, had a fixed residence and domicile in Oldham county, Tex.; that contestee, J. C. Collins, now resides and has for a number of years resided in Hartley county, Tex., and further decreed in its judgment now under consideration here, that the county court of Dallam county, Tex., had no jurisdiction over the estate of William Reid, deceased, and that the application of contestee, J. C. Collins, for temporary and permanent admin-

istration on the estate of William Reid, deceased, be in all things denied. It was further ordered by the trial court that said Collins be denied the right to qualify and act as administrator of the estate of William Reid, deceased, and also for judgment for costs against said Collins.

Under practically the same facts as are recited substantially in the opinion of the Commission of Appeals and which appear in the record herein, the Commission of Appeals holds that Collins was not qualified to act as administrator of said estate because he resided outside of Dallam county, Tex., the county in which the probate proceedings were pending.

It is therefore apparent that the errors assigned to the admission of testimony to establish the deceased's residence at the time of his death became immaterial, as Collins' application to be appointed administrator of the estate falls because of the recitals therein of his residence in Hartley county. Hence, whether the deceased had a residence in Oldham county, in Dallam county, or had no fixed place of residence, Collins was not qualified to act as administrator of said estate in the county court of Dallam county, and the trial court's judgment was and is correct.

We therefore affirm the trial court's judgment, with this correction: That when the district court of Dallam county, Tex., certifies its decree to the county court of Dallam county, Tex., it shall further order said county court to at once dismiss the application of J. C. Collins as administrator and also dismiss the pending administration of the estate of William Reid, deceased, from its docket.