**DIECKOW et al. v. SCHNEIDER et al.**

No. 9587.

Court of Civil Appeals of Texas.
San Antonio.
May 22, 1935.

Grover C. Morris, of San Antonio, for appellants.

Knetsch, Stevenson & Knetsch, of Seguin, for appellees.

BICKETT, Chief Justice.

This is an appeal by Ida Dieckow and others from a judgment of the district court, upon a trial de novo, admitting to probate a certain document as the holographic will of Augusta Marx, deceased.

The substantial issues here presented are: (1) Whether a will written entirely in the German language is entitled to be probated under the laws of Texas; and (2) whether a nonresident of the county in which the probate proceeding is pending is entitled to be appointed administrator of the estate with will annexed.

■ In this state it is no impediment to the probate of a will that it is written in a foreign language. Article 8283, Revised Civil Statutes of Texas (1925), prescribing the requisites for a valid will, contains no provision requiring a will to be written in the English language. Nor is there any other article of the statute that prohibits the probating of a will written in a foreign language. Article 6629, Revised Civil Statutes of Texas (1925), a part of the title on "Registration," provides that: "No deed, conveyance or other instrument, whether relating to real or personal property, if in any other than the English language, shall be admitted to record. * * *" The context of that article, as well as the chapter and title in which it appears, shows that there was no intention to require that testamentary instruments should be written in the English language. This holographic will, although written in the German language, was entitled to be probated. Caulfield v. Sullivan, 85 N. Y. 153; Potts v. House, 6 Ga. 324, 50 Am. Dec. 329; 23 Ruling Case Law, 111; Gardner on Wills, p. 316.

■ Inasmuch as the record shows without dispute that Ed. Schneider, who was appointed administrator of the estate with will annexed, was a resident of another county than that in which the probate proceeding was pending, it is clear that the court committed error in so appointing a nonresident of the county. Article 3357,

Revised Civil Statutes of Texas (1925); Balfour v. Collins, 119 Tex. 122, 25 S. W.(2d) 804; Id. (Tex. Civ. App.) 27 S. W.(2d) 185.

Accordingly, the judgment of the district court is affirmed with respect to the probating of the will, but is reversed and remanded with respect to the appointing of the administrator.