HEUPEL et al. v. HEUPEL et al.

No. 32580. Oct. 8, 1946.

*174 P. 2d 850.*

A. Francis Porta and Harry F. Lorenzen, both of El Reno, for plaintiffs in error.

Fogg, Fogg & Fogg, of El Reno, for defendants in error.

HURST, V.C.J. F. W. Heupel, a resident of Kingfisher county, died on January 30, 1946. On June 5, 1935, he executed a will written in the English language and on November 25, 1945, he executed a holographic will which was written entirely in the German language. The county court admitted to probate the will executed in 1935 and denied probate of the will executed in 1945 on the sole ground that it was written in the German language. On appeal, the district court reversed the judgment of the county court with instructions to admit to probate the will executed in 1945. From that judgment, three of the beneficiaries of the will executed in 1935 have appealed.

The case was tried on stipulation and there is no controversy as to the facts above recited. It was stipulated that if the German language will should be admitted to probate it had the effect of revoking all former wills.

The German language will was introduced in evidence as it was written, and an English translation, admitted to be correct, was also introduced in evidence.

The sole question for decision is whether a will is rendered invalid solely by reason of the fact that it is written in a foreign language.

The appellants argue that a will, to be valid in Oklahoma, must be written in the English language, and they rely upon a statement in 68 C.J. 999, § 765, to the effect that parol evidence of the contents of a will is not admissible except under certain circumstances, not applicable to the facts of this case. They also rely upon the following sections of our statutes: 16 O.S. 1941 §28, 58 O.S. 1941 §§42, 45, 46, 711, 12 O.S. 1941 §496.

An examination of these statutes will disclose that none of them have to do with the question here involved. 16 O.S. 1941 §28 is a recording statute and requires that all instruments affecting title to real estate, to be eligible for recording, must be written or printed in the English language. 58 O.S. 1941 §46 requires that wills and the proof thereof together with the evidence taken must be filed and recorded in a proper book. 58 O.S. 1941 §711 requires that certified copies of judgments affecting the title to real estate shall be recorded in the office of register of deeds (now county clerk) of the county in which the property is situated.

The authorities cited by the appellants are not helpful. There is no statute of Oklahoma requiring that wills be in any certain language. 84 O.S. 1941 §55 provides that "every will, other than a nuncupative will, must be in writing". 84 O.S. 1941 §54 defines a holographic will as one "that is entirely written, dated and signed by the hand of the testator himself". These statutes can-

not be construed to require that a will be written in any particular language. To so hold would be adding to the requirements of the statutes, and would make it impossible for one not able to write the English language to make a holographic will. The general rule is that, in the absence of a statute to the contrary, it is not necessary that a will be written in the English or any particular language. Page on Wills, Lifetime Edition, §241; Thompson on Wills (2nd Ed.) §104; Alexander on Wills, §37; and 28 R.C.L. 111, note 16.

In Dieckow et al. v. Schneider et al. (Tex. Civ. App.) 83 S.W. 2d 417, the Court of Civil Appeals of Texas decided that a holographic will written in the German language was entitled to be probated. The court referred to a recording statute similar to 16 O.S. 1941 §28, and it appears that Texas has a statute very similar to 58 O.S. 1941 §46.

The recording statutes are satisfied when a true English translation of a will in a foreign language is recorded.

Judgment affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.