Appeal Dimissed, Writ of Mandamus Denied, and Opinion filed January 21, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-08-00990-CV

 

____________

 

 

ANA CRISTINA FERNÁNDEZ, Appellant

 

V.

 

ROSA MARIA VAZQUEZ BUSTAMANTE, Appellee

 

 



 

On Appeal from the Probate
Court No. 2

Harris County, Texas

Trial Court Cause Nos.  378,303
& 378,303-401

 



 

NO. 14-08-01035-CV

 

IN RE ESTATE OF JOSE FRANCISCO
ORTIZ-VASQUEZ, A/K/A JOSE F. ORTIZ, A/K/A J. ORTIZ, A/K/A JOSE FRANCISCO ORTIZ,
A/K/A FRANCISCO ORTIZ, DECEASED, Relator

 

____________

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I O N








This is both an interlocutory appeal and a
petition for writ of mandamus from a trial-court order transferring the venue
of probate proceedings from Bexar County to Harris County.  We have
consolidated these proceedings.  In re Valero Energy Corp., 968 S.W.2d
916, 917 (Tex. 1998) (orig. proceeding).  We dismiss the appeal for want of
jurisdiction and deny the petition for writ of mandamus.

I

Jose Francisco Ortiz-Vazquez, a/k/a Jose
F. Ortiz, a/k/a J. Ortiz a/k/a Jose Francisco Ortiz a/k/a Francisco Ortiz (Athe decedent@), a Mexican
citizen, died on May 3, 2007, in San Antonio, Bexar County.  According to the
parties, the decedent died leaving no will in the United States.  Rosa Maria
Vazquez Bustamante, the decedent=s mother, contends
a valid will exists in Mexico, and Mexican authorities are probating it there. 
There have been allegations challenging the authenticity of  the Mexican  will;
however, they are not relevant to our consideration of this case.   

Bustamante filed an application to open an
estate and appoint a temporary administrator in Bexar County on September 14,
2007, and that same day, the Bexar County probate court granted the
appointment.  But Bustamante was unable to pay the bond according to the
requirements in the court=s order and the Texas Probate Code.  See
Tex. Prob. Code Ann. ' 131A(e) (Vernon 2003 & Supp. 2009). 
On November 20, Bustamante and her attorney filed an application for
appointment as co‑temporary administrators of the decedent=s estate in Bexar
County.  On December 3, the Bexar County probate court set aside the prior
order appointing Bustamante sole temporary administrator, and it granted the
appointements, but once again, the required bond was not paid.  See id.








On February 20, 2008, Ana Cristina
Fernández, the decedent=s former wife and mother of the decedent=s only child,
filed an application to open an estate and to appoint a permanent administrator
in Harris County.  Fernández filed this application as next friend of the
decedent=s ten‑year‑old
son, J.A.O., a United States citizen who was born in Texas.  Fernández was
appointed and qualified as the permanent administrator of the decedent=s estate on March
5.  Fernández contends she was unaware of the Bexar County proceedings, and
learned of them only after her appointment as permanent administrator.  

On March 13, 2008, Fernández filed a
motion to terminate temporary administration subject to a motion to transfer
venue in the Bexar County probate court.  Fernández sought to move the probate
proceedings to Harris County where, she alleges, the decedent resided before
his death.  The Bexar County probate court held hearings on this motion on
April 14, June 9, and June 10.  On July 11, the Bexar County probate court
found that venue was proper in Bexar County; however, as a convenience to the
estate, the court transferred venue to Harris County.  The parties contend this
decision was based on the fact that much of the decedent=s property is
located in Harris County. 

On August 8, 2008, Fernández filed a
motion for rehearing or new trial in Harris County on the issue of the decedent=s domicile.  The
Harris County probate court denied this motion on October 14.  Fernández then
filed a notice of appeal on October 21 and a petition for writ of mandamus on
November 12.  

II

In her brief, Fernández contends the Bexar
County probate court=s venue transfer as well as the Harris
County probate court=s denial of her motion for rehearing/new
trial are erroneous because Aoverwhelming@ evidence
demonstrates that the decedent was domiciled and had a fixed place of residence
in Harris County.  Further, Fernández asserts the Bexar County probate court
lacked jurisdiction to determine proper venue because there was no pending
probate proceeding at the time she filed her application to open an estate in
Harris County on February 20.  Fernández=s petition for
writ of mandamus is based on identical grounds.








A

As a preliminary matter, we must determine
whether this court has jurisdiction to hear this case as a direct interlocutory
appeal, or as a petition for writ of mandamus.  Parties may appeal only from a
final judgment as a general rule.  Brittingham‑Sada de Ayala v. Mackie,
193 S.W.3d 575, 578 (Tex.  2006) (citing Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex.  2001)); Bozeman v. Kornblit, 232 S.W.3d 261, 262
(Tex. App.CHouston [1st Dist.] 2007, no pet.); but see Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a) (Vernon
2008) (listing interlocutory orders that are appealable).  Probate proceedings
give rise to a recognized exception to that general rule since multiple
judgments may be rendered on discrete issues before the entire probate proceeding
is concluded.  See Brittingham‑Sada de Ayala, 193 S.W.3d at 578
(citing Lehmann, 39 S.W.3d at 192).  But not all probate orders are
appealable.  Id.  Courts assessing Asufficient
attributes of finality to confer appellate jurisdiction@ have looked to
whether an order resulted from the adjudication of a Asubstantial right@ or whether it
disposed of Aall issues in the phase of the proceeding for which it
was brought.@  Id. (reviewing authorities).  








In both her appeal and petition, Fernández
states that she Abelieves that mandamus is the appropriate
remedy, but has filed [an] appeal as a protective measure only.@  At oral
argument, Fernández argued for the first time that the July 11 venue-transfer
order was a final order.  Fernández now contends that under the rule of Crowson
v. Wakeham, 897 S.W.2d 779, 783 (Tex. 1995), the venue-transfer order was
final because it disposed of a discrete issueCthe determination
of domicile in Texas.  Specifically, Fernández had sought mandatory venue in
Harris County based on her allegation that the decedent was domiciled in Harris
County.  After a hearing in which the Bexar County probate court reviewed
considerable evidence from both sides purporting to demonstrate legal domicile
in either Texas or Mexico, the court denied Fernández=s motion for
mandatory venue, but transferred the case for convenience purposes.  This
denial was based on the court=s finding that the decedent was not
domiciled in Texas.  It is this finding that lies at the heart of Fernández=s plea to this
court.  

As the supreme court has pointed out on
more than one occasion, determining the finality of a court order in probate
has proven difficult and confusing.  See Brittingham‑Sada de Ayala,
193 S.W.3d at 578; Crowson, 897 S.W.2d at 783.  To clarify this process,
the supreme court adopted the following standard:

If
there is an express statute, such as the one for the complete heirship
judgment, declaring the phase of the probate proceedings to be final and
appealable, that statute controls. Otherwise, if there is a proceeding of which
the order in question may logically be considered a part, but one or more
pleadings also part of that proceeding raise issues or parties not disposed of,
then the probate order is interlocutory.

Crowson, 897 S.W.2d at 783.  Under this test, as
reiterated in Brittingham‑Sada de Ayala, an order that merely Asets the stage@ for further
resolution is interlocutory and not appealable. 193 S.W.3d at 579.  








In applying this standard to the present
case, we begin by observing that there is no relevant rule or statute that 
renders venue determinations in probate proceedings final.  By contrast, the
general rule is that a venue determination is not a final judgment ripe for
appeal.  See Tex. Civ. Prac. & Rem. Code Ann. ' 15.064(a) (Vernon
2002); Tex. R. Civ. P. 87(6) (AThere shall be no interlocutory appeals
from such determination.@).[1] 
Further, Chapter 15 of the Texas Civil Practice & Remedies Code that
governs mandatory venue provisionsCincluding those
codified elsewhereCestablishes the writ of mandamus as the
remedy for enforcement of those rules.  See Tex. Civ. Prac. & Rem.
Code Ann. ' 15.0642 (Vernon 2002); see also Tex. Civ.
Prac. & Rem. Code Ann. ' 15.016 (Vernon 2002) (AAn action governed
by any other statute prescribing mandatory venue shall be brought in the county
required by the statute.@).

Finally, the supreme court has repeatedly
advised that one means of avoiding confusion regarding the finality of probate
orders is to seek severance of the order from the ongoing proceeding.  See
Brittingham‑Sada de Ayala, 193 S.W.3d at 578; Crowson, 897
S.W.2d at 783.  ABy its nature, a change of venue is not
severable because it is not a separate issue, but a preliminary matter that
must be decided before the court can proceed.@  In re Estate
of Fears, No. 06‑03‑00139‑CV, 2004 WL 111423, at *2 n.2
(Tex. App.CTexarkana Jan. 22, 2004, no pet.) (mem. op.). 

At oral argument, and in her subsequent
letter brief to this court, Fernández contends the Crowson test requires
that the venue determination in this case be considered a final, appealable
order in that it Apurportedly concludes [a] distinct phase
of the proceedingCdetermining domicile for the purposes of
the mandatory probate venue statute.@  We disagree.








Fernández directs this court to two
memorandum opinions to support her argument.  In In re Estate of Bowie,
a decedent=s mother seeking to challenge the appointment of an
estate administrator filed a motion to transfer the proceeding from the county
court to the county court at law.  No. 09‑08‑204‑CV, 2008 WL
4821617, at *2 (Tex. App.CBeaumont Nov. 6, 2008, no pet.) (mem.
op.).  The county court denied her motion, and she filed an appeal.  Id. 
The Beaumont court of appeals reversed the trial court by holding that the
decedent=s mother had
sufficiently asserted her interest as a creditor and had established her
capacity as a party to the estate proceedings.  Id.  Fernández asserts
this case supports the principle that a court order denying a motion to
transfer from county court to county court at law is a final appealable order. 
But the Beaumont court never expressly addressed the issue of whether the trial
court=s denial
constituted a final appealable order in probate.  Further, this same argument
was specifically rejected in Forlano v. Joyner, when the First Court of
Appeals stated that, under Crowson, a transfer order Acould never, by
itself, be appealable.@  906 S.W.2d 118, 120 (Tex. App.CHouston [1st
Dist.] 1995, no pet.).  Hence, Fernández=s reliance on Bowie
is misplaced.

Fernández also points to In re Estate
of Brimberry for the proposition that an order that fails to dispose of the
entire probate proceeding is final and appealable if it disposes of the sole
controverted question.  No. 12‑04‑00154‑CV, 2006 WL 861483,
at *3 (Tex. App.CTyler Mar. 31, 2006, pet. denied) (mem.
op.).  In Brimberry, family members sought to overturn a trial-court
order requiring appointed co‑administrators of an estate to pay a
$600,000 bond despite the fact that the decedent=s will expressly
waived this requirement.  Id. at *1.  The Tyler court of appeals held
that while the court order at issue did not finally dispose of the entire
probate proceeding, the fact that the order conclusively disposed of all
questions presented in the application for probateCthe admissibility
of the will to probate and the suitability of one of the co‑executorsCmade the order
final and appealable.  Id. at *3.  Fernández contends Brimberry is
similar to the present case in that, although the Bexar County venue order did
not dispose of the entire probate proceeding, it did dispose of the sole
controverted question in that proceedingCthe question of
the decedent=s legal domicile.  But the Bexar County probate court=s finding
regarding the legal domicile of the decedent was not the final disposition of a
discrete dispute before the court; it was merely a finding of fact relied on by
the court in determining the proper venue for the ongoing probate proceeding. 








Section 6 of the Texas Probate Code, which
specifies where venue lies for probate matters, contains no language about the
appealability of such a determination.  See Tex. Prob. Code Ann. ' 6 (Vernon 2003). 
In fact, there is no specific provision allowing an interlocutory appeal of a
probate venue determination.  Therefore, Rule 87 of the Texas Rules of Civil
Procedure requires us to dismiss this appeal.  See Tex. R. Civ. P. 87. 
Because venue orders in probate are not final orders sufficient to merit review
by direct appeal, we hold that the order at issue in this case was not a final
appealable order ripe for direct appeal.  See Forlano, 906 S.W.2d at 120
(concluding a transfer order does not resolve a claim and is not severable, and
thus not appealable); see also In re Graham, 251 S.W.3d 844, 847 (Tex.
App.CAustin 2008, orig.
proceeding) (citing Tex. Civ. Prac. & Rem. Code Ann. '' 15.016, 15.0642)
(stating that a trial court=s denial of a motion to transfer venue
pursuant to a mandatory venue provision is reviewable by mandamus).  Therefore
we dismiss Fernández=s appeal for want of jurisdiction and turn
to her petition for writ of mandamus. 

B

Before we consider whether a writ of
mandamus is appropriate in this case, we must determine whether the Bexar
County probate court had jurisdiction to hear Fernández=s motion to
transfer venue in the first place.  Fernández asserts Bustamante=s prior
applications for appointment as a temporary administrator were insufficient to
create jurisdiction in Bexar County as both appointment orders had terminated
before Fernández had filed her application in Harris County.  The Bexar County
probate court, therefore, lacked jurisdiction to hear the motion to transfer
venue because there was no existing probate proceeding ongoing in Bexar
County.  In response, Bustamante contends jurisdiction was proper in Bexar
County as it was the place of the first probate filing.  Because Bexar County
was the place of the first filing, the Bexar County probate court retained
jurisdiction until the estate administration closed and it could properly
transfer venue to Harris County.  We agree with Bustamante.








A probate court obtains jurisdiction of a
decedent=s estate when the
administration is opened.  Wybrants v. Lehman, 307 S.W.2d 339, 341 (Tex.
Civ. App.CEastland 1957, writ ref=d n.r.e.).  The
administration opens when a person files a petition with the court that is
within the court=s subject-matter jurisdiction, such as
requesting to become a temporary administrator.  Hughes v. Atlantic Refining
Co., 424 S.W.2d 622, 625 (Tex. 1968); see Balfour v. Collins, 119
Tex. 122, 25 S.W.2d 804, 805B06 (1930) (discussing jurisdiction in
relation to temporary administration).  In Goolsby v. Bush, one of the
beneficiaries under a will applied to both probate the will and become an
administrator.  172 S.W.2d 758, 761 (Tex. Civ. App.CEl Paso 1943, no
writ).  The court in Goolsby concluded the application was sufficient to
invoke jurisdiction in the particular county because Aappointing Gooslby
administrator evidenced the exercise of active jurisdiction.@  Id. 
Furthermore, a court=s jurisdiction continues until the
administration is disposed of.[2] 
Balfour, 25 S.W.2d at 807.  Although a court may issue various probate
orders on particular issues, the court does not completely lose jurisdiction
until the entire estate is closed.  Hawkins v. Estate of Volkmann, 898
S.W.2d 334, 343 (Tex. App.CSan Antonio 1994, writ denied).   

When venue is proper in two or more
courts, the court in which the application for a proceeding in probate is first
filed shall have and retain jurisdiction of the estate to the exclusion of the
other court or courts.  Tex. Prob. Code Ann. ' 8(a) (Vernon 2003
& Supp. 2009).  The proceeding shall be deemed commenced by the filing of
an application averring facts sufficient to confer venue.  Id.  If a
proceeding in probate is commenced in more than one county, the proceeding
shall be stayed except in the county where first commenced until final
determination of venue in the county where first commenced.  Id. ' 8(b).

There is no dispute that Bustamante filed
the first probate proceeding in Bexar County by virtue of her September 14,
2007 application for appointment as temporary administrator of the decedent=s estate.  But
Fernández claims the the probate proceedings in Bexar County terminated in 2007
when the appointed administrators failed to pay the required bond.  Because the
Bexar County proceedings had terminated before Fernández filed in Harris County
in February 2008, Fernández argues, the Bexar County and Harris County
proceedings were never pending concurrently.








To support this argument, Fernández relies
on In re Guardianship of Gibbs, 253 S.W.3d 866 (Tex. App.CFort Worth 2008,
pet. dism=d).  In Gibbs, the Fort Worth court of appeals
held that the mere act of filing an application to convert an expired temporary
guardianship to a permanent guardianship did not cause an estate to be Apending@ to trigger the
trial court=s transfer power under the Probate Code.  Id.
at 873B74.  Fernández
urges that as in Gibbs, if there is no pending or existing probate
proceeding in Bexar County, then the Bexar County probate court had no
authority to issue its July 11 venue transfer.  But Fernández=s reliance on Gibbs
is misplaced because the relevant statute in that case was Section 608 of
the Texas Probate Code, which is specific to guardianship issues.  See Tex.
Prob. Code Ann. ' 608 (Vernon 2003 & Supp. 2009).[3] 









More importantly, case law supports the
proposition  that a probate proceeding does not terminate merely because a
person did not qualify as an administrator or executor; instead, the court
retains jurisdiction until the administration closes.  See Balfour, 25
S.W.2d at 807; Wallace v. Dubose, 242 S.W. 351, 352 (Tex. Civ. App.CSan Antonio 1922,
no writ).  In Balfour v. Collins, Collins filed an application in Dallam
County to become temporary administrator of an estate.  Balfour, 25
S.W.2d at 805.  After Collins was appointed temporary administrator, Balfour
was appointed temporary administrator of the same estate, but in Oldham
County.  Id.  The court concluded Collins could not qualify to be an
administrator in Dallam County, and Oldham County had venue over the estate
because Balfour could qualify as an administrator in that county.  Id.
at 806B07.  But the court
stated, AOf course the
Oldham county court cannot appoint an administer at all until the previous
probate proceedings in Dallam county are disposed of.@ Id. at
807. 

In Wallace v. Dubose, a county
court began to probate a will, but the named executrix could not qualify to
become the executor.  Dubose, 242 S.W. at 352.  The appellants alleged
that because more than a year had passed since the death of the testator and
the executor had failed to qualify, there was no administration pending for the
estate.  Id.  The court held A[t]he refusal or
failure of [the executrix] to qualify under the will did not defeat
jurisdiction, but the estate was still being administered in the county court .
. . [and] the lapse of time did not deprive the county court of jurisdiction,
because the administration has not been closed.@  Id. 

In Derrick v. McGrew, the Texarkana
court of appeals reversed a trial-court order admitting a will to probate when
an administration proceeding concerning the same estate had previously been
commenced in another county.  636 S.W.2d 860, 861 (Tex.  App.CTexarkana 1982,
writ ref=d n.r.e.).  In
describing the standards pertinent to the case, the court said, AWhen estate
proceedings are first filed in an appropriate court then that court has
exclusive jurisdiction over the proceedings. While the proceedings are pending
in the first court, any action taken in another court on the same matter is
void.@  Id.
(citing Stewart v. Poinboeuf, 111 Tex. 299, 233 S.W. 1095, 1097 (1921);
Tex. Prob. Code Ann ' 8(a)B(b) (Vernon 1980);
17 Woodward & Smith, Texas Practice: Probate and Decedents= Estates _ 46 (1971)).  








In the present case, the undisputed facts
demonstrate that Bustamante filed her application for designation as the
temporary administrator of the estate in Bexar County five months before
Fernández filed her application in Harris County.  There is no evidence in the
record reflecting that the probate proceeding in Bexar County was disposed of
or closed before the Bexar County probate court transferred the case to Harris
County.  Based on the unambiguous language of Section 8, the Bexar County
probate court had the original and continuing jurisdiction of the estate at the
time of the July 11 venue order.  See Tex. Prob. Code Ann. ' 8(a)B(b).  We overrule
Fernández=s issue concerning the Bexar County probate court=s jurisdiction to
hear the motion to transfer venue.

C

Finally, we consider the merits of
Fernández=s petition for writ of mandamus.  Mandamus is an
extraordinary remedy, not issued as a matter of right, but at the discretion of
the court.  In re Prudential Ins. Co. of America, 148 S.W.3d 124, 138
(Tex. 2004) (orig. proceeding).  To be entitled to the extraordinary relief of
a writ of mandamus, a relator must show that the trial court clearly abused its
discretion and left him no adequate remedy by appeal.  In re Team Rocket,
L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding).  A trial court
abuses its discretion if it reaches a decision that is so arbitrary and
unreasonable as to constitute a clear and prejudicial error of law, or if it
clearly fails to correctly analyze or apply the law.  In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).  In
mandatory venue mandamus actions, we look only to whether the trial court
clearly abused its discretion in ruling on the motion.  In re Graham,
251 S.W.3d at 847 (citing In re Mo. Pac. R.R. Co., 998 S.W.2d 212, 215
(Tex. 1999)).  Because it is presumed that there is no adequate remedy for
failure to enforce a mandatory venue statute, the relator is not required to
show a lack of adequate remedy on appeal.  Id.  

In the present case, the Bexar County
probate court was asked to consider Fernández=s motion to
transfer venue.  Fernández sought a transfer on the basis that mandatory venue
for the probate of the decedent=s estate was in Harris County, as the
decedent Ahad a fixed place of domicile@ in Harris County
at the time of his death.  The Harris County probate court then was asked to
review Fernández=s motion for rehearing/new trial on the
basis of proper domicile.








Letters testamentary or of administration
shall be granted in the county where the deceased resided, if he had a domicile
or fixed place of residence in this State.  Tex. Prob. Code Ann. ' 6(a) (Vernon
2003).  If the deceased had no domicile or fixed place of residence in this
State but died in this State, then probate is appropriate either in the county
where his principal property was at the time of his death or in the county
where he died.  Id. ' 6(b).  For the convenience of the estate,
if it appears to the court at any time before the estate is closed that it
would be in the best interest of the estate, the court, in its discretion, may
order the proceeding transferred to the proper court in any other county in
this State.[4] 
Id. ' 8(c)(2).








For the purpose of determining venue in probate
proceedings, Adomicile@ and Afixed place of
residence@ are synonymous. Maddox v. Surber, 677 S.W.2d
226, 228 (Tex. App.CHouston [1st Dist.] 1984, no writ) (citing
Slay v. Dubose, 144 S.W.2d 594, 596 (Tex. Civ. App.CFort Worth 1940,
writ ref=d); Halverson
v. Livengood, 4 S.W.2d 588(Tex. Civ. App.CTexarkana 1928, no
writ)).  A person may establish only one domicile, but may have several
residences.  In re Estate of Steed, 152 S.W.3d 797, 803 (Tex. App.CTexarkana 2004,
pet. denied).  The legal significance of a domicile as a fixed place of
residence, as opposed to one of several residences, is Ato signify a
permanent residence, as distinguished from one that is only temporary.@  Id.  The
essential elements of domicile are residence in fact, coupled with the purpose
to make the place of residence one=s permanent home. 
Texas v. Florida, 306 U.S. 398, 424 (1939); Snyder v. Pitts, 150
Tex. 407, 241 S.W.2d 136, 139 (1951); Maddox, 677 S.W.2d at 228.  The
period of time that the decedent resided in the county is irrelevant so long as
the act and the intention to acquire a domicile coexist.  Maddox, 677
S.W.2d at 228B29.  The controlling factor in establishing residence
in fact is A>the actual fact as to the place of
residence and decedent=s real attitude and intention with respect
to it as disclosed by his entire course of conduct.=@ In re Graham,
251 S.W.3d at 850 (quoting Texas v. Florida, 306 U.S. at 425).  

In this case, the Bexar County probate
court heard testimony and reviewed considerable evidence regarding the hotly
contested issue of the decedent=s domicile.  Fernández contends Aoverwhelming
evidence reflects that the [d]ecedent resided and had a fixed place of
residence in Harris County@ at the time of his death.  Fernández
points to such evidence as the fact that the decedent filed a residential
homestead application in Harris County for several years in succession; he
owned several automobiles registered to Harris County addresses; he maintained
bank accounts in Harris County banks from which he received statements at
Harris County addresses; he borrowed money from Harris County banks; he owned a
second condominium and other real property in Harris County; he owned interests
in five airplanes which he stored in Harris County; he testified to being a
resident of Harris County during court proceedings in Mexico; he had a Texas
driver=s license; and he
owned a penthouse in Harris County where he kept his personal possessions, as
well as those of his son.  

In response, Bustamante points to evidence
that the decedent filed tax returns with the I.R.S. stating that he was not a
resident of the United States; he filed documents with a Texas bank stating
that he was a Mexican resident; his visaCa type only issued
to Mexican citizens for temporary entry into the United StatesCwould not allow
him to be a Texas resident; he had a Ahome@ in Tampico,
Mexico, as well as a Ahome@ at his ranch in
Mexico; he and Fernández were married, lived, and were later divorced in
Mexico; he was actively engaged in various businesses in Mexico; he was
registered to vote in Mexico; and his Mexican tax registration listed his Adomicillio@ as being in
Tampico, Mexico.    








To counter some of Bustamante=s evidence,
Fernández directs this court to a memorandum opinion from the San Antonio court
of appeals, Franyutti v. Franyutti.  See No. 04-02-00786-CV, 2003
WL 22656879 (Tex. App.CSan Antonio Nov. 12, 2003, no pet.) (mem.
op.).  In Franyutti, a Mexican citizen sought to prevent his wife from
suing for divorce in Texas because neither he nor his wife had been
domiciliaries of Texas for the required six-month period. Id. at *1. On
appeal, the husband argued that it would be Aunconscionable@ to allow his wife
to claim Texas as her domicile because she had entered the United States under
a tourist visa, which required that she intend not to abandon her Mexican
domicile.  Id.  The appeals court held that, regardless of the wife=s statement to
immigration authorities, she was still able to decide that she wanted to remain
in Texas, thereby achieving Texas domicile.  See id.  Fernández argues
this holding means Bustamante may not use the decedent=s immigration
statusCand the express
statements accompanying such statusCto estop her
contention that the decedent intended for his domicile to be in Texas.  But
this is too strong a reading of the San Antonio court=s opinion.  Franyutti
does not hold that a person=s immigration status  cannot indicate
intent regarding domicile; rather, Franyutti stands for the proposition
that immigration status is not dispositive of domicile intent.  See
id.








Fernández also directs this court to the
Austin court of appeals= opinion in In re GrahamCa case which is
more factually similar to the case at bar, and one which informs our
conclusion.  See 251 S.W.3d at 849B51.  Graham involved
contested probate proceedings in which the decedent purportedly lived and owned
property in both Tom Green and Travis counties.  Id. at 847.  In
reviewing the trial court=s denial of a motion to transfer venue to
Travis County under a similar mandatory venue theory, the appeals court
reviewed the full scope of evidence presented to ascertain A>the actual fact as
to the place of residence and [the] decedent=s real attitude
and intention=@ as discussed in Texas v. Florida. 
Id. at 850. Ultimately, the court held the evidence the decedent slept,
gardened, entertained guests, stored her personal possessions, and generally
conducted day‑to‑day activities in Travis County conclusively
established residence in fact and her intent to make the Travis County residence
her home.  Id. at 851.

In the present case, Fernández produced
volumes of evidence which she claims establish the decedent=s residence in
fact and his intent to make one of those residences his home.  But the above
evidence does not conclusively establish the decedent=s residence in
fact.  Also, nowhere in the record does Fernández demonstrate a clear, express
statement of the decedent=s intent to establish a domicile or
residence.  Thus, Fernández did not present conclusive evidence establishing the
decedent=s domicile. 
Fernández also failed to  present persuasive argument or authority supporting
her contention that the Bexar County probate court failed to correctly analyze
or apply the law.  For these reasons, we hold the Harris County probate court
did not abuse its discretion by denying Fernández=s motion for
rehearing/new trial.  Because we hold that the Harris County probate court did
not abuse its discretion, we must deny Fernández=s petition for
writ of mandamus. 

* * *

For the foregoing reasons, we dismiss
Francisco=s appeal and deny her petition for writ of mandamus.

 

 

/s/      Jeffrey V.  Brown

Justice

 

 

 

 

Panel consists of Justices Seymore, Brown and
Sullivan.









[1]  AThe Texas Rules
of Civil Procedure govern proceedings in probate matters except in those
instances in which a specific provision has been made to the contrary.@  Cunningham v. Parkdale Bank, 660 S.W.2d 810,
812 (Tex.1983); see Tex. R. Civ. P. 2.





[2]  AThe
administration of an estate of a decedent, from the filing of the application
for probate and administration, or for the administration, until the decree of
final distribution and the discharge of the last personal representative, shall
be considered as one proceeding for purposes of jurisdiction.@  Tex. Prob. Code Ann. ' 2(e) (Vernon 2003). 





[3]  AA judge of a
statutory probate court, on the motion of a party to the action or of a person
interested in a guardianship, may transfer to the judge=s court from a district, county, or statutory court a
cause of action appertaining to or incident to a guardianship estate that is
pending in the statutory probate court or a cause of action relating to a
guardianship in which a guardian, ward, or proposed ward in a guardianship
pending in the statutory probate court is a party and may consolidate the
transferred cause of action with the other proceedings in the statutory probate
court relating to the guardianship estate.@ 
Tex. Prob. Code Ann. ' 608 (Vernon 2003 & Supp. 2008).





[4]  The general rule is that for the convenience of the
parties and witnesses and in the interest of justice, a court may transfer an
action from a county of proper venue to any other county of proper venue on
motion of a defendant, when the court finds that maintenance of the action in
the county of suit would work an injustice to the movant considering the movant=s economic and personal hardship, or that the balance
of interests of all the parties predominates in favor of the action being
brought in the other county.  Tex. Civ. Prac. & Rem. Code Ann. ' 15.002(b) (Vernon 2002); Garza v. Garcia, 137
S.W.3d 36, 42B43 (Tex. 2004).